UNITED STATES, Appellee,

v.

Private E2 Franklin D. EVANS, SSN 515–68–9091, United States Army, Appellant.

SPCM 14837.

U. S. Army Court of Military Review.

27 Feb. 1981.

Major James F. Nagle, JAGC, argued the cause for appellant. With him on the brief were Lieutenant Colonel John F. Lymburner, JAGC, and Major Charles A. Byler, JAGC.

Captain David H. Johnson, JAGC, argued the cause for appellee. With him on the brief were Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, and Major Douglas P. Franklin, JAGC.

Before MITCHELL, DRIBBEN and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Contrary to his pleas, the appellant was convicted of disorderly in quarters, communication of a threat, assault and battery, and failure to obey a lawful order.[1] He was sentenced to a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $299.00 pay per month for four months, and reduction to the grade of Private E–1. The convening authority approved the sentence. The case is before this Court for mandatory review pursuant

---

1. The offenses of disorderly in quarters and communication of a threat are violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). The remaining offenses are violations of Articles 128 and 92, 10 U.S.C. § 928 and 892 (1976), respectively.

to Article 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (1976).

Among the offenses on which appellant was arraigned was that of simple arson (Charge II and its specification), in violation of Article 126, UCMJ, 10 U.S.C. § 926 (1976). The specification, as pleaded, alleged that appellant did willfully and maliciously set fire to the commode seat in the latrine of his billets room. In his findings, the military judge excepted the words "did" and "willfully and maliciously set" and substituted therefor the words "was" and "disorderly in quarters by setting." Appellant was found not guilty of a violation of Article 126, UCMJ, but guilty of a violation of Article 134, UCMJ.

Appellant contends that the military judge erred by finding him guilty of disorderly conduct since such misconduct is not a lesser included offense of arson.

■ The test to determine whether an offense is a lesser included offense of another is whether the specification of the offense on which the accused was arraigned "alleges fairly, and the proof reasonably raises, all elements of both crimes so that they stand in the relationship of greater and lesser offenses." *United States v. Thacker*, 16 U.S.C.M.A. 408, 410, 37 C.M.R. 28, 30 (1966) (citations omitted); *United States v. Maginley*, 13 U.S.C.M.A. 445, 32 C.M.R. 445 (1963); *United States v. Jackson*, 8 M.J. 511 (A.C.M.R.1979); *United States v. Montgomery*, 5 M.J. 832 (A.C.M.R. 1978); *see also United States v. Long*, 7 M.J. 342 (C.M.A.1979). The allegation portion of the test requires that the specification put the accused on notice, either expressly or by fair implication, to defend against the included offense. The requirement of notice may be met although the included offense requires proof of an element not required in the offense charged.

Paragraph 158, Manual for Courts-Martial, United States, 1969 (Revised edition).[2]

■ Comparison of the original specification, which contains the language "willfully and maliciously set," with the amended one, which reads "disorderly in quarters by setting," reveals that each alleges the improper act of setting a fire. Therefore, the issue becomes whether, in the context of Article 134, UCMJ, the term "disorderly" was expressly or impliedly encompassed within the language of the original specification.

■ Article 134, UCMJ, broadly proscribes "all disorders and neglects to the prejudice of good order and discipline in the armed forces [and] conduct of a nature to bring discredit upon the armed forces..." Paragraph 213a, Manual for Courts-Martial, United States, 1969 (Revised edition). It is clear that a public disturbance of a contentious or turbulent nature is a disorder in the sense of the criminal law. Case law and the Manual for Courts-Martial apply a more expansive definition. Paragraph 213b, *id.* *United States v. Kick*, 7 M.J. 82 (C.M.A. 1979); *United States v. Lilly*, 7 M.J. 701, 707 (N.C.M.R.1979), *pet. denied* 8 M.J. 36 (C.M.A.1979).[3] The misconduct must be activity against "good order" which affects the "condition of tranquility, security, and good government of the military service." *United States v. Snyder*, 1 U.S.C.M.A. 423, 426, 4 C.M.R. 15, 18 (1952), *citing* Winthrop, *Military Law and Precedents*, p. 723 (2d edition 1920).

We are satisfied that appellant's act of setting a fire within an occupied barracks falls within that category of disorders which impacts upon good order and affects the condition of tranquility, security, and good government of the military service.

---

2. The specification as pleaded must also be sufficient to provide protection against subsequent prosecution for the same or an included offense. *United States v. McVey*, 4 U.S.C.M.A. 167, 15 C.M.R. 167 (1954); *United States v. Schumacher*, 2 U.S.C.M.A. 134, 7 C.M.R. 10 (1953).

3. The Manual admonishes that almost any irregular or improper act on the part of a service member could be regarded as prejudicial in some indirect or remote sense. Article 134 should be confined to those cases in which the prejudice is reasonably direct and palpable. Paragraph 213, Manual for Courts-Martial, United States, 1969 (Revised edition).

We are also satisfied that the proof reasonably establishes all of the elements of the lesser offense, including the additional one relating to prejudice to good order and discipline or discredit upon the armed forces. In this regard, we consider significant not only the evidence of appellant's intentional act of setting fire to the commode seat but also that of his ensuing disruptive and boisterous antics in the adjacent hallway and vicinity, during which time he called attention to the fire in the latrine area of his room.

The remaining assignments of error have been considered and found to be without merit. Accordingly, the findings of guilty and the sentence are affirmed.