UNITED STATES

v.

**Technical Sergeant Michael E. FOSTER, FR559–86–7393, United States Air Force.**

**ACM 29061.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 13 Sept. 1990.

Decided 29 June 1992.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens and Major Ronald A. Gregory.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr., Lieutenant Colonel Brenda J. Hollis, and Major Morris D. Davis.

Before O'HAIR, RIVES, and MILLS, Appellate Military Judges.

OPINION OF THE COURT

O'HAIR, Senior Judge:

Among other offenses, appellant was charged with committing forcible sodomy

with a female airman, Airman (Amn) KLT, in a dormitory room. Prior to argument and instructions on findings, the military judge was persuaded by the trial counsel that the court members should be instructed that indecent assault was a lesser offense of sodomy. The court members were instructed accordingly, and they found appellant not guilty of sodomy, but guilty of indecent assault. Appellant now argues that the offense of indecent assault cannot be a lesser included offense of sodomy in this instance because the sodomy specification fails to allege that Amn KLT was not his wife, one of the essential elements of the offense of indecent assault.

On the evening of 25 June 1990, Airman Basic (AB) Larson had a farewell party for Amn KLT in the former's dormitory room at Iraklion Air Station, Greece. Amn KLT was scheduled to leave the following day for her return to the United States. During the course of the evening, she and AB Larson consumed a large quantity of alcohol, as did some of the other guests. The appellant was a late arriving guest and, at midnight, he was the last one to leave. AB Larson and Amn KLT then undressed, went to bed where they engaged in sex, and fell asleep. A short time later, Amn KLT felt ill and decided she needed to go to the bathroom. She put on her underpants, shorts and a tank top before leaving for the bathroom. Somewhere in the hallway she encountered appellant and she explained her condition. He helped her to the ladies' bathroom and, when she was finished there, he escorted her to her room which was in the same dormitory. When she awoke a short time later, she was lying in her bed and appellant was still in her room, so she told him she was returning to AB Larson's room. He walked with her to that room but she prevented him from entering the room with her. For some reason, Amn KLT did not lock the room door and this permitted appellant to return to the room several more times that evening. On the first occasion, Amn KLT was asleep on a futon on the floor and she awoke to find her underpants and shorts had been removed and her shirt was pushed up around her neck. Appellant was in front

of her and was kissing her breasts. She told him to stop; he complied and departed the room and she fell back asleep. When she next awoke, she was still nude. This time appellant had his hands on her breasts, his head was between her legs and she believed he was performing oral sex on her. Once again she told him to stop, and she got up and climbed in bed with AB Larson where she fell asleep. On the last occasion, she woke up to discover appellant had his hands under the bed sheet and was fondling her body. She told him to quit and he again complied.

For a sodomy conviction, the government only needed to prove:

1) That the accused engaged in unnatural carnal copulation with a certain other person or with an animal and,

2) That the act was done by force and without the consent of the other person.

The elements of indecent assault are more extensive:

1) That the accused assaulted a certain person *not the spouse of the accused* in a certain manner;

2) That the acts were done with the intent to gratify the lust or sexual desires of the accused; and

3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Based on the testimony of Amn KLT and the questions of the court members, it appears they were not convinced beyond a reasonable doubt that appellant had "physically penetrated the sexual organs of Amn KLT with his mouth" and, therefore, they could not find him guilty of sodomy. They did, however, find him guilty of the instructed lesser offense of indecent assault. There was sufficient evidence adduced at trial during the government's case in chief to support this finding, with the exception of the element requiring they find that Amn KLT was not appellant's wife. The sodomy specification before the court did not address the lack of a marital relationship between the appellant and the victim,

and the government did not present proof of that relationship during its case-in-chief. The trial counsel discovered this deficiency just prior to the presentation of the findings arguments and, with the permission of the military judge and over objection from the defense, reopened the government's case to enter a stipulation of fact that Amn KLT had never been the wife of appellant.

Article 79 of the UCMJ, 10 U.S.C. § 879 provides that "[a]n accused may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein." This concept is explained in Manual for Court-Martial (MCM) Part IV, paragraph 2b(1) (1984):

> A lesser offense is included in a charged offense when the specification contains allegations which either expressly or by fair implication put the accused on notice to be prepared to defend against it in addition to the offense specifically charged.

 Generally, this notice requirement is met when all of the elements of the lesser offense are included in the greater offense. Even if the included offense requires proof of an element not required for the greater offense, notice may be provided by allegations in the specification. In *United States v. Duggan*, 4 U.S.C.M.A. 396, 399–400, 15 C.M.R. 396, 399–400 (1954), the Court summarized this oft used guidance when examining a specification for the existence of a lesser offense:

> [W]e must look to the allegations of the specification, and proof in support thereof, in each case to determine whether a lesser offense is placed in issue.
>
> \* \* \* \* \* \*
>
> When both offenses are substantially the same kind so that [an] accused is fairly apprised of the charges he must meet and the specification alleges fairly, and the proof raises reasonably, all elements of both crimes, 'we have held they stand in the relationship of greater and lesser offenses.'

Another leading case which applies this philosophy is *United States v. Thacker*, 16 U.S.C.M.A. 408, 410, 37 C.M.R. 28, 30 (1966). More recent applications are found in *United States v. Blake*, 33 M.J. 923 (A.C.M.R.1991) (appellant, who was charged with rape, could providently plead to committing indecent acts with another); *United States v. Cornelius*, 29 M.J. 501 (A.C.M.R.1989) (appellant was charged with rape, but pleaded guilty to adultery. Court found appellant was put on notice of the additional elements of adultery because of the language in the specification); *United States v. Cheatham*, 18 M.J. 721 (A.F.C.M.R.1984) (committing indecent, lewd and lascivious act is a lesser included offense of rape); *United States v. Butler*, 16 M.J. 789 (C.G.C.M.R.1983) (appellant was charged with introduction of cocaine onto a military installation but was found guilty of soliciting others to possess cocaine. In reversing the conviction, the court found that each of the offenses required proof of elements not found in the other and the specification did not contain averments of the elements of solicitation); *United States v. Evans*, 10 M.J. 829 (A.C.M.R.1981) (an Article 134 offense of being disorderly in quarters by setting a fire in them is a lesser offense of arson); *United States v. Anderson*, 10 M.J. 829 (A.C.M.R.1980) (indecent, lewd and lascivious acts with another are a lesser offense of attempted rape); *United States v. Jackson*, 8 M.J. 511 (A.C.M.R.1979) (robbery specification was broad enough to include charge of extortion as a lesser offense).

The Supreme Court also addressed this question in *Schmuck v. United States*, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). In abandoning the lower court's use of the "inherent relationship" approach to analyze the issue, the Court adopted the "traditional" or "elements" test which holds that one offense is not included in another offense unless the elements of the lesser offense are a subset of the elements of the charged offense. Accordingly, they concluded that if the lesser offense requires an element not required for the greater offense, then the court will not be instructed they can find the defendant guilty of that lesser offense.

█ Indecent assault is listed as a lesser offense of sodomy in the Manual for Courts–Martial (MCM, Part IV, paragraph 51b (1984)) and this may well indicate that the drafters believed that the elements of indecent assault were included in those necessary to prove sodomy. However, the guidance of *Duggan* and *Thacker* requires us to examine the specification to determine if it "expressly or by fair implication" contains an averment of the elements of the lesser offense of indecent assault. The principal missing element, as argued by the appellant, is the one which states the victim is not the wife of the accused. This is not an element of sodomy. That is why the government did not set out the nonmarital relationship of the appellant and victim in the specification and why the government did not attempt to prove it until the very last minute of the findings portion of the trial.

█ Using the *Duggan/Thacker* test set out above, we find the specification failed to place appellant on notice of the essential element of the lesser offense of indecent assault that the victim is not the spouse of the appellant. Therefore, the military judge erred by instructing the court members they could find appellant guilty of that offense. In looking for another lesser offense of sodomy which shares the same or similar elements, we find that the Article 134, 10 U.S.C. § 934 offense of indecent acts with another, suits our need. Article 59(b), U.C.M.J. 10 U.S.C. § 859(b); *see also: U.S. v. McKinley*, 27 M.J. 78 (C.M.A.1988) and the cases cited therein. The elements are almost identical to that of indecent assault, with the exception of the requirement that the victim is not the spouse of the assailant. The elements are:

1) That the accused committed a certain wrongful act with a certain person;

2) That the act was indecent; and·

3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Applying, once again, the *Duggan/Thacker* test, this time we find that the sodomy specification "alleges fairly, and the proof raises reasonably, all the elements" of the lesser offense of indecent acts with another. We also find this lesser offense complies with the elements test of *Schmuck v. United States, supra,* because the elements of indecent acts are a subset of the elements for the greater offense of sodomy. Therefore, we make the following substitution of the court's findings with regard to Charge III and its specification:

Of the specification of Charge III: Guilty, except the words "commit sodomy with" and "by force and without consent of the said Airman KLT," substituting therefor respectively "wrongfully commit an indecent act with Airman KLT by taking off her shorts and underwear, pushing up her t-shirt and touching her breasts and kissing around her genital area", of the excepted words, Not Guilty, of the substituted words, Guilty.

And, Of Charge III, Not Guilty, but Guilty of a violation of Article 134.

The remaining assignment of error deals with the convening authority's consideration of matters submitted to him after trial by appellant's defense counsel. This matter has been appropriately resolved and needs no further attention from us.

█ In light of our substitution of a finding of guilty of a lesser offense for Charge III, we must now reassess the sentence. In addition to the charge of committing indecent acts with Amn KLT, appellant was also found guilty of disobeying a lawful order of a superior noncommissioned officer, being incapacitated for the performance of duties because of previous overindulgence in intoxicating liquor, and committing an indecent assault on another female airman. We note that the maximum sentence for indecent assault and committing indecent acts with another is identical: dishonorable discharge, forfeiture of all pay and allowances, and confinement for 5 years. The court members were correctly instructed on the maximum allowable punishment, and we believe appellant was not prejudiced in their resolution of this matter. Therefore, we find the sentence imposed by the court members to

be no greater than that which would have been imposed by them had they been correctly instructed. *United States v. Peoples,* 29 M.J. 426 (C.M.A.1990). Examining the entire record once again, we find the sentence not inappropriate. Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c).

Accordingly, the findings of guilty, as amended, and the sentence as reassessed are

AFFIRMED.

Judges RIVES and MILLS concur.