UNITED STATES

v.

Airman Francis C. WEYMOUTH,
Jr., FR528–45–1215, United
States Air Force.

Misc. Dkt. No. 94–07.

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 May 1994.

Decided 26 Aug. 1994.

Appellate Counsel for Appellant: Captain Richard D. Desmond (argued), Colonel Jay L. Cohen, and Lieutenant Colonel Frank J. Spinner.

Appellate Counsel for the United States: Captain Jane M.E. Peterson (argued) and Colonel Jeffery T. Infelise.

Before DIXON, SNYDER, RAICHLE, HEIMBURG, YOUNG, PEARSON, SCHREIER, and CREGAR, Appellate Military Judges, En Banc.

OPINION OF THE COURT

PEARSON, Judge:

The United States has filed a timely appeal under Article 62, Uniform Code of Military Justice (UCMJ), 10 United States Code

(U.S.C.) § 862 (1988), contending the military judge erroneously dismissed several assault related charges and specifications involving a knife as multiplicious for findings with a charge of attempted murder by stabbing. We conclude the assault offenses are both multiplicious with and included within attempted murder, and deny the appeal.

## FACTS

The government charged Airman Francis C. Weymouth, Jr., in separate charges and specifications, with (1) attempting to murder Airman First Class MS by stabbing him in the abdomen with a knife, (2) assaulting MS with the intent to commit murder by stabbing him in the abdomen with a knife, (3) assaulting MS by stabbing him in the abdomen with a dangerous weapon, the knife, and (4) assaulting MS by stabbing him in the abdomen, intentionally inflicting grievous bodily harm, a deep cut. Articles 80, 134, and 128, UCMJ, 10 U.S.C. §§ 880, 934, 928, respectively. All of the offenses involve only one act of stabbing that allegedly occurred at Pope Air Force Base, North Carolina, on March 12, 1994.

In an initial motions session, the defense argued the assault offenses were multiplicious with the attempted murder because they were all lesser-included offenses of the latter. The government countered that the assault offenses did not meet the strict statutory elements test for lesser-included offenses adopted in *United States v. Teters,* 37 M.J. 370, 376 (C.M.A.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 919, 127 L.Ed.2d 213 (1994); consequently, they were separate offenses pled in the alternative, subjecting the accused to the risk of only one conviction.

The military judge determined the assault offenses were multiplicious and dismissed them "without prejudice," leaving only the attempted murder offense. The judge agreed to instruct on any lesser-included offenses of attempted murder raised by the evidence during the trial, including the dismissed assault offenses. The government appeals the dismissal.

## JURISDICTION

Appellate defense counsel argues that the judge's dismissal ruling is not a proper subject for a government appeal. Counsel asserts the ruling did not terminate the proceedings with respect to the assault offenses as required by Article 62 because the judge agreed to instruct on them as lesser-included offenses of attempted murder, if raised, and the dismissal was without prejudice. On the other side of the coin, the government believes that because of *Teters,* the dismissed charges and specifications were separate offenses which may not be resurrected as lesser-included offenses.

■ We conclude the plain language of Article 62 answers this jurisdictional question of first impression for our Court. Regardless of whether the dismissal was with or without prejudice, the military judge "terminate[d] the proceedings with respect to a charge or specification" when he dismissed the assault offenses on grounds of multiplicity for findings. Article 62(a)(1), UCMJ. *See United States v. Woods,* 28 M.J. 318 (C.M.A. 1989) (government appeal of dismissal for failing to state an offense).

■ Furthermore, the military judge's decision to instruct that the dismissed offenses are lesser-included offenses provides no solace for the government if the judge later determines an offense is not raised for some reason. At that point, collateral estoppel would probably foreclose subsequent prosecution for any dismissed offense not instructed upon if Airman Weymouth is acquitted of attempted murder and instructed lesser-included offenses. *See United States v. Dixon,* —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Therefore, on the jurisdiction issue, we agree with the government.

Now to the key issue of multiplicity and lesser-included offenses.

## MULTIPLICITY AND LESSER–INCLUDED OFFENSES

As we have previously observed, the Court of Military Appeals buried a decade of confusing multiplicity law in *United States v.*

*Teters. See United States v. Neblock,* —— M.J. —— (A.F.C.M.R. July 21, 1994) (en banc); *United States v. Albrecht,* 38 M.J. 627, 629 (A.F.C.M.R.1993), *pet. granted,* 40 M.J. 43 (1994). In this appeal, the government contends that the Court also buried beside it decades of military law on lesser-included offenses.

### United States v. Teters

In *Teters,* the Court laid to rest the "fairly embraced," "single impulse," and "insistent flow of events" multiplicity tests of *United States v. Baker,* 14 M.J. 361 (C.M.A.1983), and its offspring, and resurrected the legislative intent/elements test of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Teters,* 37 M.J. at 373–74; *see generally United States v. Hickson,* 22 M.J. 146, 153 (C.M.A.1986) (*Blockburger* test used in the 1951 Manual for Courts–Martial). In doing so, the Court explained that *Baker* was based on the scheme of lesser-included offenses set out in Article 79, UCMJ, 10 U.S.C. § 879. Recognizing the identical language of Article 79 and its federal counterpart, Federal Rule of Criminal Procedure 31(c), the Court said it would now "apply" the Supreme Court's decision in *Schmuck v. United States,* 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989), interpreting Rule 31(c), and determine lesser-included offenses using a statutory elements test only. *Teters,* 37 M.J. at 375–76; *accord United States v. Foster,* 40 M.J. 140 (C.M.A.1994).

While the law of multiplicity and the doctrine of lesser-included offenses overlap at times, they are not synonymous and rest on entirely different foundations.

### Multiplicity

▮▮▮ Multiplicity is grounded in the Double Jeopardy Clause of the Fifth Amendment and focuses on whether Congress intended to subject an accused to multiple convictions and punishments for the same act or course of conduct. Where expressed, the legislative intent controls as stated; where silent, the *Blockburger* statutory elements test provides the tool to discern congressional intent. Under the statutory elements test, offenses are not multiplicious where proof of each one requires proof of an additional fact which the other does not. This test looks only at the elements of the offenses and not the pleadings or proof. *Ball v. United States,* 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); *Blockburger; Teters.*

### Lesser–Included Offenses

▮▮▮ The doctrine of lesser-included offenses derives from a common law rule developed to assist the prosecution when its evidence falters. The doctrine permits a conviction on a diminished charge when the prosecution's proof is lacking on an element of the charged crime. *Kelly v. United States,* 370 F.2d 227, 229 (D.C.Cir.1966), *cert. denied,* 388 U.S. 913, 87 S.Ct. 2127, 18 L.Ed.2d 1355 (1967). Inherent in this doctrine is an accused's Sixth Amendment right to notice before trial of the charge brought. Consequently, a lesser-included offense does not constitutionally exist unless the charged offense provides notice to the accused that a conviction may lie for the included offense. *Schmuck; see also United States v. Foster,* 34 M.J. 1264, 1266 (A.F.C.M.R.1992) (citing *Schmuck* to hold that a charge of sodomy, Article 125, UCMJ, 10 U.S.C. § 925, does not put the accused on notice that indecent assault Article 134, UCMJ, is a lesser-included offense), *aff'd,* 40 M.J. 140 (C.M.A.1994). Additionally, an accused may have a right under the Fifth Amendment Due Process Clause for the court to consider a lesser-included offense as an alternative to guilt of the charged offense. *See Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973).

▮▮▮ Traditionally, an offense is included within another if each of its elements fits either directly or by reasonable implication into some element of the other: the traditional lesser-included offense. The first manual for courts-martial after passage of the UCMJ adopted this traditional lesser-included offense approach, as well as the constitutional notice requirement. Manual For Courts–Martial, United States, (MCM) 1951, ¶ 158. In fashioning a new rule for multiplicity in *Baker,* the Court of Military Appeals expanded the concept of lesser-included offenses to include offenses "fairly

embraced" in the pleadings and proof of the greater offense: the fairly embraced lesser-included offense. *See, e.g., United States v. Zupancic,* 18 M.J. 387, 391 (C.M.A.1984) (Cook, S.J., concurring in part and dissenting in part). *Teters* returned us to the traditional lesser-included offense approach. *See* 37 M.J. at 376; *see also Schmuck,* 489 U.S. at 714, 109 S.Ct. at 1450 (adopting traditional approach which focuses on the elements of the offenses rather than pleadings and proof); *United States v. Foster,* 40 M.J. at 146 (lesser-included offenses determined by looking at elements of offenses "realistically" and "rationally").

### The Overlap

■ While the concepts of multiplicity and lesser-included offenses are different, they overlap—you can't get to multiplicity country without crossing lesser-included offense territory. The Double Jeopardy Clause, and thus the concept of multiplicity, prohibit conviction of both the greater and lesser-included offense. *Brown v. Ohio,* 432 U.S. 161, 165–69, 97 S.Ct. 2221, 2225–27, 53 L.Ed.2d 187 (1977); *Blockburger; Teters.* Consequently, a lesser-included offense is always multiplicious for findings with its charged greater offense.

■ However, a multiplicious offense is not necessarily a lesser-included offense. As we have already pointed out, legislative intent is the crucial question in answering any multiplicity question. In *United States v. Hale,* the Court of Military Appeals concluded congressional intent precluded convictions of both wrongful appropriation of a rental car (Article 121, UCMJ, 10 U.S.C. § 921) and dishonorable failure to pay the rental agency for losing use of the car (Article 134, UCMJ). The Court concluded the offenses were multiplicious even though the elements of the two offenses are entirely different and one is not a lesser-included offense of the other. *Hale,* 28 M.J. 310 (C.M.A.1989). *Cf. Hickson* (legislative intent precluded convictions for both rape under Article 120, UCMJ, 10 U.S.C. § 120, and adultery under Article 134, UCMJ, for the same sexual intercourse).

■ Additionally, the government may separately plead a multiplicious offense

to meet exigencies of proof. Once findings of guilty are entered, the military judge must dismiss any offense that remains multiplicious for findings with any other offense. *E.g., Ball.* However, the government should never charge both a greater offense and its included offenses, as they allege the same offense and do not involve exigencies of proof. At the initial motions session, the military judge should dismiss a lesser-included offense if separately pled. R.C.M. 307(c)(4) Discussion, 907(b)(3)(B).

With that background, we now look at the offenses in question.

## IS ASSAULT WITH INTENT TO COMMIT MURDER MULTIPLICIOUS WITH ATTEMPTED MURDER?

■ By statute, Congress defined an "assault" in military law as an "attempt" to do bodily harm to another with unlawful force or violence. 10 U.S.C. § 928. However, an attempt under Article 80, UCMJ, requires a specific intent to commit an offense accompanied by an overt act which directly tends to accomplish that offense. Since an assault may occur without ever reaching the degree of proximity to the intended offense that an attempt under Article 80 requires, an assault with the intent to commit an offense is not necessarily the same as an attempt to commit the intended offense. MCM, 1984, Part IV, ¶¶ 4b, 64c(1).

However, when the intended offense is murder and the overt act of the attempt consists of an assault, the attempt merges with the assault. In reality, the assault with intent to murder, which also requires the specific intent to kill, becomes the "attempt" of the attempted murder. *United States v. Escobeda,* 9 C.M.R. 627 (A.F.B.R.1953); *see United States v. Herrington,* 33 C.M.R. 814 (A.F.B.R.) (assault with intent to commit voluntary manslaughter and attempted voluntary manslaughter are the same offense), *pet. denied,* 33 C.M.R. 436 (1963); *cf. United States v. Edwards,* 35 M.J. 351 (C.M.A.1992) (assault with intent to rape is multiplicious for findings with attempted rape as both allege same offense).

Using the traditional approach, we reach the same conclusion: assault with intent to commit murder is a lesser-included offense of attempted murder and may not be separately charged. *See* MCM, 1984, Part IV, ¶¶ 4d, 43d. The maximum sentence to confinement for attempted murder is life, whereas the maximum term for assault with intent to murder is 20 years. *Id.* at ¶¶ 4e, 64e(1). The elements of assault with intent to murder are a subset of the elements of attempted murder with the exception that the assault offense requires that the accused's conduct be prejudicial to good order and discipline or service discrediting. *Compare id.* at ¶¶ 4b, 64b. The historical element of prejudicial to good order and discipline or service discrediting is not important for either multiplicity or lesser-included offense analysis. *Foster,* 40 M.J. at 142–43.

To find the elements of prejudicial to good order and discipline or service discrediting offenses alleged under clauses 1 or 2 of the "general article," Article 134, we look at Part IV of the MCM instead of the underlying statute, 10 U.S.C. § 934. Consequently, each paragraph of Part IV which defines such an offense becomes a "statute" for multiplicity or lesser-included offense analysis. *Neblock.*

While each defined Article 134 offense expressly requires that the accused's conduct be prejudicial to good order and discipline or service discrediting, this element is an inherent characteristic of every specifically enacted UCMJ offense (Articles 78–132, UCMJ, 10 U.S.C. §§ 878–932). Thus, resorting to that element to determine separate or lesser-included offenses is using an "artificial" distinction of no legal consequence—form over substance as many might say. *Foster,* 40 M.J. at 142–43. *See also United States v. Doss,* 15 M.J. 409, 414–15 (C.M.A.1983) (Cook, J., concurring in the result) (citing *Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974)).

Consequently, we conclude the military judge did not err in dismissing the assault with intent to commit murder.

Now for the aggravated assaults.

## IS AGGRAVATED ASSAULT MULTIPLICIOUS WITH ATTEMPTED MURDER?

For over 40 years, manuals for courts-martial prescribed by the President have recognized assault with a dangerous weapon and assault intentionally inflicting grievous bodily harm, both forms of aggravated assault, as traditional lesser-included offenses of murder and assault with intent to murder. By implication, the manuals have also recognized both offenses as lesser-included offenses of attempted murder, since they are included within the offense of murder. *Compare* MCM, 1951, 537 app. 12, ¶ 158 *with* MCM, 1984, Part IV, ¶¶ 43d(2), 64d(1), 4d.

For over 40 years, the Court of Military Appeals also has specifically recognized both aggravated assault offenses as traditional lesser-included offenses of assault with intent to murder. *United States v. Williams,* 1 U.S.C.M.A. 231, 2 C.M.R. 137 (1952); *accord United States v. Shelton,* 4 U.S.C.M.A. 116, 15 C.M.R. 116 (1954). *See also United States v. Malone,* 4 U.S.C.M.A. 471, 16 C.M.R. 45 (1954) (assault with a dangerous weapon and assault intentionally inflicting grievous bodily harm are lesser-included offenses of assault with intent to commit voluntary manslaughter); *United States v. Hunter,* 2 U.S.C.M.A. 37, 6 C.M.R. 37 (1952) (assault with a dangerous weapon is lesser-included offense of assault intentionally inflicting "bodily harm"). Relying on the interrelationship between assault with intent to murder and attempted murder, the Court also has concluded that both aggravated assaults are lesser-included offenses of attempted murder. *United States v. Ricketts,* 1 M.J. 78 (C.M.A.1975); *cf. United States v. Emmons,* 31 M.J. 108 (C.M.A.1990) (aggravated assault is a lesser-included offense of unpremeditated murder).

Appellate government counsel argues that the Court of Military Appeals wiped out this four decades of military law in *Teters* by adopting *Schmuck,* as the elements of the aggravated assaults do not parrot the elements of attempted murder. In support, counsel cite several federal circuit cases applying *Schmuck,* including *United States v. Cavanaugh* and *United States v. Browner,*

the two we find somewhat relevant. *Cavanaugh*, 948 F.2d 405 (8th Cir.1991) (assault resulting in serious bodily injury under 18 U.S.C. § 113(f) is not a lesser-included offense of murder under 18 U.S.C. § 1111); *Browner*, 937 F.2d 165 (5th Cir.1991) (assault with a dangerous weapon under 18 U.S.C. § 113(c) is not a lesser-included offense of voluntary manslaughter under 18 U.S.C. § 1112). We disagree and find the federal cases are not persuasive in light of the UCMJ's distinct statutory scheme.

As we previously discussed, Congress statutorily defined an "assault" under military law as an "attempt" to do bodily harm to another with unlawful force or violence. 10 U.S.C. § 928. *See also* MCM, 1984, Part IV, ¶ 4c(5) ("assault" attempts should be charged under Article 128 instead of Article 80). Common sense tells us that one who attempts to murder another is also making an "attempt" to do grievous bodily harm in some manner with unlawful force or violence with some kind of criminal intent. *See generally United States v. Parini*, 12 M.J. 679, 683 (A.C.M.R.1981) ("Stark common sense is infinitely more correct and wise than visionary nonsense. History of mankind tells us so."). We conclude the aggravated assaults merely represent less serious "attempts" at grievous bodily harm than attempted murder. *Cf. Foster*, 40 M.J. at 145–46 ("the first two elements of the indecent acts offense represent a less serious sexual act than that of sodomy").

■ Consequently, we conclude that successive Presidents and the Court of Military Appeals correctly interpreted Congress' intention that attempted murder and aggravated assault are not separate offenses for trial or punishment but stand in the relation of greater and lesser offenses with the assault evidencing a lesser degree of guilt for the "attempt." *See* Article 51(c)(3), UCMJ, 10 U.S.C. § 851(c)(3); *cf. United States v. Schoolfield*, 40 M.J. 132, 136–37 n. 7 (C.M.A. 1994) ("It is well established as a matter of law that indecent assault is a lesser-included offense of rape."). Thus, the military judge did not err in dismissing the aggravated assault offenses.

## ALTERNATIVE CHARGING

Additionally, we do not follow the government's argument at trial that the various assaults and attempted murder are somehow separate offenses but yet alternatives to one another. The offenses are not mutually exclusive like larceny and receiving stolen property. *See* MCM, 1984, Part IV, ¶ 106c(1). Moreover, if the offenses are separate as the government argues, they are separate for all purposes, including punishment. *See* R.C.M. 1003(c)(1)(C). If the offenses are multiplicious with one another, the military judge may dismiss any multiplicious offense during the initial motions session. R.C.M. 907b(3)(B). If the offenses stand in relationship of greater and lesser, the military judge should dismiss the lesser offense and instruct on lesser-included offenses raised by the evidence later in the proceeding. *Id.*; R.C.M. 307(c)(4), 920(e)(2). The government would have us create a hybrid offense for charging similar to that *Baker* created for lesser-included offenses—we decline to do so.

■ Our military justice system is designed for commanders and line officers, not lawyers, and it functions quickly and efficiently with much less paperwork when compared to our civilian counterparts, the appellate process notwithstanding. The reason for our success is easy to see: the system's architects adopted those aspects of civilian practice that promoted efficiency, like notice pleading, and passed with regard to those that did not, like unanimous jury verdicts. When judges tinker with the system's operation, they should do so only to streamline the process, not make it more cumbersome. We believe charging lesser-included offenses in the alternative will only clutter charge sheets and make the charging process more cumbersome. As an old saying goes, if it isn't broken, don't fix it. *But see Foster*, 40 M.J. at 143–46 (dictum that lesser-included offenses may be charged in the alternative).

In any event, the military judge was clearly within his authority to dismiss the multiplicious and lesser-included assault offenses. R.C.M. 907(b)(3)(B).

## SUMMARY

We conclude the Court of Military Appeals used *Teters* as the vehicle to adopt a realistic and workable rule for multiplicity by essentially overruling the confusing multiplicity tests set out in *Baker* and its off-spring. Since *Baker* was based on the doctrine of lesser-included offenses, the Court also used *Teters* to return us to the traditional lesser-included offense approach by discarding the *Baker* "fairly embraced" enlargement of it.

 As a general proposition, we conclude that Part IV of the MCM, 1984, lists traditional lesser-included offenses for each offense; however, exceptions exist. *See Foster*, 34 M.J. 1264. Consequently, military judges should discuss potential lesser-included offenses at the initial motions/evidentiary session since lesser-included offenses are determined by their elements and not the proof. By determining potential lesser-included offenses early in the proceedings, judges will reinforce the constitutional notice requirement and resolve the issue before jeopardy attaches, keeping in mind that the evidence must in fact raise a lesser-included offense for it to apply. *See generally Keeble* (evidence must place lesser-included offense in issue).

 Finally, we conclude Congress did not intend to subject an accused to multiple court-martial charges for various forms of aggravated assault arising out of the same assaultive act that is the basis of an attempted murder charge. Accordingly, the government's appeal is

DENIED.

Chief Judge DIXON, Senior Judge HEIMBURG, and Judges SCHREIER and CREGAR concur.

SNYDER, Senior Judge (concurring in the result):

Judge Young eloquently has expressed the essence of the current state of affairs regarding the law of lesser included offenses under the Uniform Code of Military Justice (UCMJ). The bottom line is that we will require further elaboration from the Court of Military Appeals. In light of *United States*

*v. Foster*, No. 40 M.J. 140 (C.M.A.1994), it is apparent that while the Court labels our test as *Blockburger/Schmuck/Teters*, in practice it appears we stick with the current MANUAL FOR COURTS-MARTIAL, UNITED STATES, (1984). However, as does Judge Young, I harbor misgivings as to where "rationally derived" might take us? Will it be to a new runway with lights to be installed later, or will it be to the *Baker* runway reactivated? Further, as Chief Judge Sullivan observed, the majority clearly referred to the pleadings and proof in reaching its result in *Foster*, at 148 (Sullivan, C.J., concurring in the result), and that is not the *Blockburger/Schmuck/Teters* test.

*Foster*, nonetheless, is the current last word. Accordingly, I concur in the result.

YOUNG, Judge, joined by Senior Judge RAICHLE, (concurring in part, dissenting in part):

I concur with the majority that: (1) this Court has jurisdiction to hear this appeal; and (2) assault with intent to commit murder, and assault with a deadly weapon or force likely to produce death or grievous bodily harm, are both multiplicious with, and included in, the offense of attempted murder. I disagree with the majority that assault in which grievous bodily harm is intentionally inflicted is a lesser-included offense of attempted murder. Furthermore, I disagree with the majority's conclusion as to the effect of *United States v. Teters*, 37 M.J. 370 (C.M.A.1993) and *United States v. Foster*, 40 M.J. 140 (C.M.A.1994) on the test for determining lesser-included offenses.

In deciding both *Foster* and *Teters*, the Court of Military Appeals relied heavily upon *Schmuck v. United States*, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). In *Schmuck*, the Supreme Court granted certiorari *inter alia* "to resolve a conflict among the Circuits over which test to apply in determining what constitutes a lesser included offense for the purposes of [FED.R.CRIM.P.] 31(c)." It rejected the "inherent relationship" approach because it was "rife with the potential for confusion." *Id.*, 489 U.S. at 721, 109 S.Ct. at 1453. Instead, the Court adopted the "traditional" or "elements" test. *Schmuck*, 489 U.S. at 715–716, 109 S.Ct. at

806

1450. This test is to be applied to the elements of the statute and not to the pleadings or proof. *Teters,* 37 M.J. at 377 (citing *United States v. Dixon,* — U.S. —, —, 113 S.Ct. 2849, 2851, 125 L.Ed.2d 556 (1993)). The Supreme Court adopted the approach taken by the Seventh Circuit: "[O]ne offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense." *Id.,* 489 U.S. at 716, 109 S.Ct. at 1442. It cited with approval the following formulation of the test for lesser-included offenses: "To be necessarily included in the greater offense the lesser must be such that it is impossible to commit the greater without first having committed the lesser." *Schmuck,* 489 U.S. at 718–20, 109 S.Ct. at 1452 (quoting *Giles v. United States,* 144 F.2d 860, 861 (9th Cir. 1944) (quoting *House v. State,* 186 Ind. 593, 595–96, 117 N.E. 647, 648 (1917))). This has been called the impossibility test.

In *Teters,* the Court of Military Appeals concluded that "the time has passed for a separate military-law doctrine to prevent multiplicious specifications," and abandoned the "fairly embraced" multiplicity rule of *United States v. Baker,* 14 M.J. 361 (C.M.A. 1983). Finding the language of Article 79, UCMJ, 10 U.S.C. § 879 (1988) almost identical with that of FED.R.CRIM.P. 31(c), the Court adopted the Supreme Court's holding in *Schmuck* in determining what is a lesser-included offense for both multiplicity (*Teters,* 37 M.J. at 376) and lesser-included offense (*Foster,* 40 M.J. at 142–43) purposes.

Unfortunately, the Court of Military Appeals did not reference the impossibility test referenced in *Schmuck.* If it had, I believe much confusion would have been avoided. Instead, the Court stated that "dismissal or resurrection of charges based upon 'lesser-included' claims can only be resolved by lining up elements *realistically* and determining whether *each* element of the supposed 'lesser' offense is *rationally* derivative of one or more elements of the other offense—and *vice versa.*" *Foster,* at 146. This statement is no more than an admonition to trial practitioners to compare elements by examining the legal meaning of the words therein, not just the words themselves. But, based on the Court's language, "rationally derivative" coupled with references to offenses being "expressly or impliedly included" within others, I fear some will conclude the "fairly embraced" test of *Baker* is not really dead and buried. *Foster,* 40 M.J. at 148 (Sullivan, C.J., concurring).

I have no quarrel with Judge Pearson's majority opinion as to the history of multiplicity and lesser-included offense practice in the military or the *Teters/Foster* test which we now must follow. I disagree, however, with the interpretation and application of this rule. In analyzing the specifications in this case, the majority begins by comparing the elements of the offenses, but ends up following a "common sense" approach by applying 40 years worth of manuals for courts-martial and case law. But, the manuals and case law are based on the rules of multiplicity which the Court of Military Appeals finally laid to rest in *Foster* and *Teters.* *Foster* and *Teters* require we compare statutory elements. There is a simplicity to this rule that makes it easy for trial practitioners to apply and understand, which is missing when a common sense prong is added.

The majority believes "Congress did not intend to subject an accused to multiple court-martial charges for various forms of aggravated assault arising out the same assaultive act that is the basis of an attempted murder charge." The majority may be correct, but it does not cite, and I could not find, evidence that Congress has spoken on the matter. Legislatures rarely speak to such issues with a coherent voice, and when they do, it is usually in the statute itself. *E.g.,* Article 120(b), UCMJ, 10 U.S.C. § 920(b) (1988) (offense of carnal knowledge applies only "under circumstances not amounting to rape"). *See United States v. Morris,* 40 M.J. 792 (A.F.C.M.R.1994). I do not believe we should attempt to divine congressional intent without some evidence thereof, although I recognize that others feel free to do so. *See Foster,* 40 M.J. at 146. Instead, when the legislature is silent, we must apply the *Teters* rule.

The majority may be speaking out of an appropriate concern for the effect this new rule of multiplicity will have on sentencing.

If we determine that offenses are not multiplicious for findings, they may be punished separately. *See United States v. Lenoir,* 39 M.J. 751 (A.F.C.M.R.), *pet. denied,* 40 M.J. 276 (C.M.A.1994). In many cases, the maximum confinement facing an accused will increase substantially. The majority is not alone in its concern. *See Teters,* 37 M.J. at 378 (Cox, J., concurring); *United States v. Beaudin,* 35 M.J. 385, 388–89 (C.M.A.1992) (Cox, J., concurring in the result). I share this concern, but believe we must follow the rule promulgated by the Court of Military Appeals. If our sentencing rules need to be changed to accommodate this development, then that is a task for the Joint–Service Committee on Military Justice. *See* MANUAL FOR COURTS-MARTIAL, UNITED STATES, App. 21 at A21–1 (1984).

Our task is to compare the statutory elements of each offense, not the pleadings or proof, and decide whether one can commit the offense of attempted murder without also committing assault with intent to commit murder, assault with a dangerous weapon or other means or force likely to produce death or grievous bodily harm, and assault in which grievous bodily harm is intentionally inflicted. For offenses charged under Article 134, UCMJ, 10 U.S.C. § 934 (1988), as prejudicial to good order and discipline or service discrediting, the elements are drawn from the MANUAL FOR COURTS-MARTIAL, UNITED STATES, Part IV (1984). *United States v. Neblock,* 40 M.J. 747 (A.F.C.M.R.1994) (en banc). In comparing the statutory elements of specifications, no significance should be attached to the failure of a specifically enacted offense (Articles 78, 80–132, UCMJ, 10 U.S.C. § 878, 880–932 (1988)) to contain an element requiring the conduct to be prejudicial to good order and discipline or service discrediting. It is implicit. *Foster,* 40 M.J. at 143–44.

The specifications in this case each allege conduct resulting from the same act: The accused is alleged to have stabbed a certain person with a knife, one time, with the intent to kill him. Now to compare the elements of the specifications.

### Attempted murder

1. The accused did a certain act;

2. The act was done with specific intent to kill;

3. The act amounted to more than mere preparation;

4. The act apparently tended to effect the commission of the offense of murder. **Assault w/ intent to commit murder**

1. The accused assaulted a certain person;

2. At the time of assault, accused intended to kill;

3. Conduct prejudicial to good order and discipline or service discrediting.

It is impossible to commit the offense of attempted murder without first having committed an assault with intent to commit murder. The government disagrees, claiming a person could attempt to murder someone by cutting the brake linings of her automobile, but it would not be an assault. In order to establish elements 1 and 3 of attempted murder, you must have established element 1 of assault with intent to commit murder. The cutting of the brake linings is an attempt-type assault. There is no requirement, in an attempt-type assault that the victim have knowledge of the incident at the time. MANUAL FOR COURTS-MARTIAL, UNITED STATES, Part IV, ¶ 54c(1)(b)(i) (1984). Both specifications require at least the specific intent to kill. Thus, assault with the intent to commit murder is a lesser-included offense of attempted murder. The military judge was correct in dismissing that specification.

### Attempted murder

1. The accused did a certain act;

2. The act was done with specific intent to kill;

3. The act amounted to more than mere preparation;

4. The act apparently tended to effect the commission of the offense of murder. **Assault w/ dangerous weapon or other means or force likely to produce death or grievous bodily harm**

1. The accused attempted to do, offered to do, or did bodily harm to a certain person;

2. The accused did so with a certain weapon, means, or force;

3. The attempt, offer, or bodily harm was done with unlawful force or violence; and

4. The weapon, means, or force was used in a manner likely to produce death or grievous bodily harm.

It is impossible to commit the offense of attempted murder without committing an assault with a dangerous weapon or other means or force likely to produce death or grievous bodily harm. The government disagrees, citing *United States v. Browner*, 937 F.2d 165 (5th Cir.1991). In that case, the Court held that assault with a dangerous weapon (under 18 U.S.C. § 113(c) (1988)) is not a lesser-included offense of voluntary manslaughter because a dangerous weapon is not required to commit manslaughter. But, the federal assault statute is different from Article 128, UCMJ, 10 U.S.C. § 928 (1988). The federal offense is "assault with a dangerous weapon," while the UCMJ offense is "assault with a dangerous weapon or other means or force likely to produce grievous bodily harm." We look to the statutory elements of the offense charged, not to the pleadings. The difference may seem small, but it is critical. The federal offense requires the use of a dangerous weapon, while the UCMJ requires a dangerous weapon or some other means or force. Every attempted murder involves the use of some means or force which can effect the commission of the offense. Thus, the only difference in the elements of the offenses is that attempted murder requires specific intent to kill. Assault with a dangerous weapon or other means or force likely to produce grievous bodily harm is a lesser-included offense of attempted murder. The military judge was correct in dismissing that specification.

### Attempted murder

1. The accused did a certain act;

2. The act was done with specific intent to kill;

3. The act amounted to more than mere preparation;

4. The act apparently tended to effect the commission of the offense of murder. **Assault in which grievous bodily harm is intentionally inflicted**

1. The accused assaulted a certain person;

2. Grievous bodily harm was inflicted on person;

3. Grievous bodily harm done with unlawful force or violence; and

4. Accused, at time, had specific intent to inflict grievous bodily harm.

The assault offense requires that grievous bodily harm be inflicted, while attempted murder does not require any injury be inflicted at all. Thus, it is possible for a person to attempt murder without committing an assault in which grievous bodily harm was intentionally inflicted. The elements of assault in which grievous bodily harm is inflicted is not "rationally derivative" of attempted murder without reference to the pleadings and proof. Therefore, assault in which grievous bodily harm is intentionally inflicted is not a lesser-included offense of attempted murder. Since the prosecution has charged the offenses in the alternative, I need not reach the multiplicity issue. I believe the military judge erred in dismissing specification 2 of the Additional Charge.