UNITED STATES, Appellee

v.

**Private E2 Marques C. McHERRIN,
089–62–1261, United States Army,
Appellant.**

ARMY 9302030.

U.S. Army Court of Criminal Appeals.

May 23, 1995.

For Appellant: Colonel Stephen D. Smith, JAGC, Captain Blair M. Jacobs, JAGC (on brief).

For Appellee: Colonel John M. Smith, JAGC, Major Lyle D. Jentzer, JAGC, Captain Michael E. Mulligan, JAGC (on brief).

Before CAIRNS, GONZALES, and RUSSELL, Appellate Military Judges.

## OPINION OF THE COURT

RUSSELL, Judge:

A military judge sitting as a general court-martial found the appellant guilty, pursuant to mixed pleas, of disobeying a noncommissioned officer (two specifications), disrespect toward a noncommissioned officer (two specifications), use of marijuana (two specifications), provoking speech, uttering worthless checks, and drunk and disorderly conduct in violation of Articles 91, 112a, 117, 123a and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 912a, 917, 923a and 934 (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for fifteen months, forfeiture of all pay and allowances, and reduction to Private E1.

This case is before the court for automatic review pursuant to Article 66, UCMJ. We have considered the record of trial, the two

errors assigned by the appellant, and the government's reply thereto. We find no error materially affecting the appellant's substantial rights. However, discussion is warranted regarding Assignment of Error I.[1]

### I. Facts

On 30 September 1994, Sergeant John Baker was leaving the Post Exchange (PX) with his wife and their six-year-old son. A few other PX patrons were present. He was then confronted by the appellant, a soldier from another unit whom SGT Baker had earlier reported for a disciplinary violation. Moderately intoxicated, the appellant said to SGT Baker, "Oh, you thought you did something by writing that statement against me, but my First Sergeant said don't worry about it because he know how you is." Sergeant Baker replied, "At ease, I don't care what the First Sergeant said. I wrote the statement just to nail you." The appellant said, "F— you. If you take off your rank and your [military uniform], I'll beat your ass and drop you." Sergeant Baker tried to control the situation by ordering the appellant to be "at ease." However, the appellant ignored the order, immediately turned around and ran off toward his barracks while continuing to speak disrespectfully to Sergeant Baker. Sergeant Baker was embarrassed and angered by the appellant's verbal onslaught and his refusal to obey lawful orders. Mrs. Baker and other bystanders were shocked.

Based on the language used by the appellant in the foregoing transaction, he was charged with being disrespectful in language toward Sergeant Baker in violation of Article 91, UCMJ, and using provoking words in violation of Article 117, UCMJ. Inasmuch as the Manual for Courts–Martial, United States, 1984, Part IV, para. 15d(3)(a) [hereinafter MCM, 1984], lists Article 117, UCMJ, as a lesser included offense of disrespect under Article 91, UCMJ, the defense, citing *United States v. Teters*, 37 M.J. 370 (C.M.A. 1993) and *United States v. Foster*, 40 M.J. 140 (C.M.A.1994) argues that the two offenses are therefore multiplicious for findings. We disagree.[2]

### II. Discussion

We are satisfied that Article 117, UCMJ, is not multiplicious with Article 91. *United States v. Teters*, 37 M.J. 370 (C.M.A. 1993). *Teters* teaches that Congressional intent is paramount as to whether an accused may be punished for more than one offense in a given transaction or episode. Articles 91 and 117, UCMJ, are separate statutory offenses. The legislative intent that they be punished separately can be presumed or inferred based on the elements of the statutes violated and their relationship to one another. *Teters*, 37 M.J. 370 (C.M.A.1993).

Applying the elements test, we find that the elements of Article 117, UCMJ, are not a subset of the elements of Article 91, UCMJ. The Article 117, UCMJ, element of provoking words is quantitatively greater and qualitatively different than the Article 91, UCMJ, element of disrespectful language. *Cf. United States v. Foster*, 40 M.J. 140 (C.M.A.1994). Language is disrespectful under Article 91, UCMJ, if it merely detracts from the respect due the authority and person of a superior noncommissioned officer. MCM, 1984, para. 15b(3). There is no requirement under Article 91, UCMJ, as there is for Article 117, UCMJ, that the offending language be so reproachfully harsh and abusive that a reasonable person would expect it to provoke a breach of the peace. MCM, 1984, para. 42c(1). Thus, language that would be disrespectful under Article 91, UCMJ, would not necessarily be provoking under Article 117, UCMJ. Conversely, proof that words are provoking is more than that necessary to prove that the words are disrespectful. *Cf. Foster*, 40 M.J. at 143 (*Teters, supra,* et al., applied). Therefore, a violation of Article

---

1. THE MILITARY JUDGE ERRED BY FAILING TO RULE THE PROVOKING SPEECH IN ADDITIONAL CHARGE III MULTIPLICIOUS FOR FINDINGS WITH THE DISRESPECT [TOWARD] A NONCOMMISSIONED OFFICER SPECIFICATION (SPECIFICATION 2 OF ADDITIONAL CHARGE I).

2. The Court of Appeals for the Armed Forces has adopted the *Teters* elements test for multiplicity to determine whether one offense is a lesser included offense of another. *United States v. Foster*, 40 M.J. 140 (C.M.A.1994); accord *United States v. Weymouth*, 40 M.J. 798 (A.F.C.M.R. 1994).

117, UCMJ, is not "necessarily included" in a violation of Article 91, UCMJ. *See* UCMJ, art. 79.

Moreover, Article 91, UCMJ, proscribes a different evil than Article 117, UCMJ: Article 91, UCMJ, is focused on affronts to the status of appointed military leaders while Article 117, UCMJ, is focused on preventing breaches of the peace. *Cf. Albernaz v. United States,* 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981) (cited in *Teters,* supra).

 Accordingly, we believe that Congress intended that coincidental violations of Article 91, UCMJ, and Article 117, UCMJ, be charged and punished separately. We have found no other clear indication of a contrary legislative intent. Thus, the presumption of separateness is intact. *See Teters,* 37 M.J. at 377. We are satisfied that it was proper to charge and punish the appellant's misconduct as separate violations of Article 91, UCMJ, and Article 117, UCMJ.[3] The fact that the two offenses arose from the same transaction is a matter in extenuation and mitigation that was before the sentencing authority for appropriate consideration.

The appellant's assertion that the evidence was insufficient to prove a violation of Article 117, UCMJ, is without merit. The appellant uttered provoking words. It is immaterial that the victim, a professional noncommissioned officer, withstood the appellant's verbal abuse without breaching the peace.

The findings of guilty and the sentence are affirmed.

Senior Judge CAIRNS and Judge GONZALES concur.

---

**3.** Paragraph 15d(3)(a) of Part IV of the Manual for Courts–Martial lists Article 117 as a lesser included offense of disrespect under Article 91. However, in light of *Teters* and *Foster,* we do not construe that language as a Presidential limitation on consecutive punishments for violations of Article 91 and Article 117 in this case. *See* Article 56, UCMJ.