UNITED STATES, Appellee,

v.

Private Cody W. OWEN, United States Army, Appellant.

ARMY 9502158.

U.S. Army Court of Criminal Appeals.

27 Aug. 1997.

For Appellant: Lieutenant Colonel Michael L. Walters, JA; Captain Christopher T. Whelan, JA (on original brief); Major

Michael E. Hatch, JA; Captain Stephen P. Bell, Jr., JA (on specified issue brief).

For Appellee: Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA; Major Virginia G. Beakes, JA; Captain John M. Bergen, JA (on original and specified issue briefs).

Before EDWARDS, KAPLAN, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

KAPLAN, Judge:

A military judge sitting as a general court-martial found the appellant guilty, contrary to his pleas, of attempted premeditated murder, attempted conspiracy to commit premeditated murder, solicitation to commit premeditated murder, and violation of 18 U.S.C. § 1958 which prohibits use of interstate telecommunications facilities in furtherance of a murder for hire scheme [hereinafter the 18 U.S.C. violation]. These offenses constituted violations of Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934 (1988) [hereinafter UCMJ]. The military judge sentenced the appellant to a dishonorable discharge, confinement for twenty years, and forfeiture of all pay and allowances. The convening authority approved the sentence as adjudged.

This case is before the court for automatic review pursuant to Article 66, UCMJ. We have considered the record of trial, the three assignments of error, the government's reply thereto, the four issues personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and the briefs filed by counsel addressing the issue specified by the court.[1] We have determined that appellant's three assignments of error claiming multiplicity in various forms are meritorious to some extent and warrant corrective action by this court. In addition, although we reject it, we feel that it is appropriate to comment on appellant's *Grostefon* assertion that the evidence is legally insuffi-

cient to support the finding of guilty of attempted murder (Charge I).

## FACTS

The evidence of record establishes that the appellant's marriage to another active duty soldier was one of convenience intended to enhance the financial situation of both spouses, i.e., enabling them to qualify for Basic Allowance for Quarters and Basic Allowance for Subsistence. Appellant became incensed when his wife squandered money entrusted to her which resulted in their eviction from the house they were renting. Apparently motivated by extreme anger, appellant utilized interstate (Texas to Michigan) telephone facilities to request that a friend and former fellow soldier, Mr. V, murder the appellant's wife. Subsequently, when Mr. V refused to agree to do so personally, the telephonic discussions turned to V's arranging for a contract killer or "hit man" to perpetrate the intended homicide. As the designated beneficiary of his wife's Serviceman's Group Life Insurance policy, the appellant would have received $100,000.00 upon her death. He promised V that as soon as he received the insurance proceeds he would pay V $30,000.00 and that V could then pay the "hit man" and keep whatever money remained. Unbeknownst to appellant, immediately following the first telephone call Mr. V reported this solicitation to civilian law enforcement authorities in Michigan and thereafter became an undercover government agent. After V, acting on instructions from Michigan law enforcement and U.S. Army Criminal Investigation Command (CID) agents, purportedly agreed to carry out his request, the appellant, in several more interstate phone calls and in two face-to-face meetings in Killeen, Texas, provided Mr. V with information on the intended victim including where she lived and worked, the type of car she drove, her automobile license plate number, and her picture.

---

1. On 4 February 1997, this court ordered appellate government and defense counsel to file supplemental briefs on the following specified issue:

WHETHER THE APPELLANT'S ACTS WENT BEYOND MERE PREPARATION SO AS TO ESTABLISH THE OFFENSE OF ATTEMPTED MURDER (CHARGE I).

## LEGAL ISSUES

The circumstances of this case require us to resolve two questions of law: (1) in an attempted murder case, where does preparation end and perpetration begin, and (2) are solicitation to commit murder, using interstate telephone facilities, and attempted conspiracy to commit murder functionally lesser included offenses of the greater charge of attempted murder?[2]

■ Appellant contended at trial and repeats in his *Grostefon* submission before this court that the evidence is legally insufficient to support the guilty finding of attempted murder (Charge I). In effect, he contends that his actions[3] never went beyond mere preparation. To support a conviction of attempted murder in violation of Article 80, UCMJ, the evidence must show beyond a reasonable doubt that the accused (1) did a certain overt act, (2) with the specific intent to commit murder, (3) that the act amounted to more than mere preparation, and (4) that the act apparently tended to effect the commission of murder. Manual for Courts-Martial, United States, (1995 edition), Part IV, Para. 4b.

■ Focusing on the third element identified above, we conclude that the appellant's actions went beyond preparation so as to establish the crime of attempted murder. Specifically, we find that at the time the appellant met with V in Killeen, Texas, he believed that V, pursuant to their agreement, had procured the services of a contract killer and that the "hit man" was either already present in Killeen for the purpose of murdering the appellant's wife or would arrive shortly for that purpose. With this belief in his mind, he provided V, the purported "middle man," with a hand-drawn map depicting the location of the intended victim's place of military duty and a piece of paper on which was written the intended victim's automobile license number, fully expecting that this information would be transmitted to the contract killer. Also, during one of these face-to-face meetings with V appellant declared that he didn't care how, where or when the murder was committed. He was adamant, however, that it could not look like a suicide because of his concern that if his wife's death appeared to be a suicide, the insurance proceeds would be delayed or totally withheld. Based on these facts, we resolve the question of preparation versus perpetration contrary to the appellant's claim of legal insufficiency. *See Church,* 32 M.J. at 75 (Sullivan, C.J., concurring).

■ We turn next to the issue of the claimed multiplicity (or unreasonable multiplication)[4] of the charges of attempted murder, solicitation to commit murder, attempted conspiracy to commit murder, and the 18 U.S.C. violation. The military judge initially detailed to preside over this case ruled that the solicitation charge (Charge II) and the 18 U.S.C. violation (Additional Charge II) were multiplicious for sentencing purposes. The successor military judge detailed to the case ruled that the solicitation offense (Charge II) and the attempted conspiracy offense (Additional Charge I) were also multiplicious for sentencing purposes. However, subsequent to that second ruling, he granted the prosecution's request for reconsideration, and on the basis of the holding in *United States v. Morrison,* 41 M.J. 482 (1995) (separate for findings equals separate for punishment), reversed both his own and the predecessor judge's findings of multiplicity. Thus, he ultimately concluded that each of the four offenses was separate for findings and punishment purposes.

Applying the straightforward "elements test" to the facts and pleadings of this case will enable us to resolve the various multiplicity issues raised. *See Schmuck v. United States,* 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989); *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.

---

2. The answer to this question will resolve appellant's three assignments of error which assert multiplicity (or unreasonable multiplication) of charges in various combinations.

3. Because Mr. V was acting as a government agent at all relevant times, we are constrained to look only at the acts of the appellant, not those of his purported co-conspirator, Mr. V. *United States v. Church,* 32 M.J. 70, 73 n. 6 (C.M.A. 1991).

4. *See* Rule for Courts-Martial 307(c)(4) discussion.

306 (1932); *United States v. Teters,* 37 M.J. 370 (C.M.A.1993), *cert. denied,* 510 U.S. 1091, 114 S.Ct. 919, 127 L.Ed.2d 213 (1994). As we perform our analysis, we remain cognizant of the decisions of our superior court subsequent to the seminal decision in *Teters* that have reinforced the necessity of applying the law of multiplicity so as to reach a fair result in each specific case. Specifically, we are mindful of our superior court's admonition:

> Thus the bench and bar should not leap to the conclusion, however tempting, that all non-identical charges are invariably separate for all purposes....
>
> There is another elementary concept of justice which none of us should forget, when one act of an accused violates several penal statutes. It is that there is prosecutorial discretion to charge the accused for the offense(s) which most accurately describe the misconduct and most appropriately punish the transgression(s).... *United States v. Teters* notwithstanding, military judges must still exercise sound judgment to ensure that imaginative prosecutors do not needlessly "pile on" charges against a military accused. A fair result remains not only the objective, but indeed the justification of the military justice system.

*United States v. Foster,* 40 M.J. 140, 144 n. 4 (C.M.A.1994). *See also United States v. Oatney,* 45 M.J. 185 (1996); *United States v. Weymouth,* 43 M.J. 329 (1995).

■ Applying the law of multiplicity to the facts of this case, first, we find that the charge of attempted conspiracy to commit murder[5] is multiplicious with the charge of attempted murder.[6] The elements of the attempted conspiracy, as alleged and proven at trial, are factually included in, and subsumed by, the elements of the attempted murder charge.[7] Next, we must address the claims that the solicitation charge and the 18 U.S.C. violation are multiplicious with the greater attempted murder offense.

Because each contains at least one element different from the other, and especially because the Congress of the United States has determined it necessary to proscribe attempted murder by the enactment of Article 80, UCMJ (10 U.S.C. § 880), and to separately proscribe by enacting 18 U.S.C. § 1958, the utilization of interstate telephone facilities in a murder for hire scheme, we find that Charge I (attempted murder) and Additional Charge II (the 18 U.S.C. violation) are separate offenses that may be separately punished. *United States v. Morrison,* 41 M.J. 482 (1995).

■ Finally, the question of the multiplicity *vel non* of the attempted murder and solicitation to murder charges remains for our resolution. Our examination of the elements of these offenses leads us to conclude that Charge II (solicitation to commit premeditated murder) is a lesser included offense of Charge I (attempted premeditated murder).[8] The elements of the attempted

5. We note that the issue of the viability of such a "double inchoate" offense under the UCMJ is currently pending review by our superior court. *See United States v. Lawrence,* ARMY 9401212 (Army Ct.Crim.App. 21 March 1996) (unpub.), *pet. granted,* —— M.J. —— (1996). But see, *United States v. Riddle,* 44 M.J. 282 (1996); *United States v. Anzalone,* 43 M.J. 322 (1995).

6. Our resolution of this issue, resulting as it does in the dismissal of the attempted conspiracy charge, renders moot any remaining issue of the possible multiplicity of that charge with the solicitation charge.

7. The elements of attempted conspiracy are: (1) that the appellant solicited (procured, assisted, or counseled) Mr. V to agree to procure the services of a contract killer to murder the appellant's wife, (2) that this was done with the specific intent to commit the murder of the appellant's

wife, (3) that this amounted to more than mere preparation, and (4) that the act apparently tended to effect an agreement to commit the crime of murder. The elements of attempted murder are: (1) that the appellant solicited (procured, assisted, or counseled) Mr. V to procure the services of a contract killer to murder the appellant's wife and provided V with information to assist the contract killer in committing this offense, (2) that these acts were done with the specific intent to murder the appellant's wife, (3) that the acts amounted to more than mere preparation, and (4) that the acts apparently tended to effect the crime of murder.

8. The determination of whether one offense is a lesser included offense of another, under the UCMJ, requires the application of the "pleadings-elements" test. *Weymouth,* 43 M.J. at 335; *United States v. Neblock,* 45 M.J. 191, 203 (1996) (Crawford, J., concurring).

murder charge, as pleaded, are: (1) that the appellant solicited (procured, assisted, or counseled) Mr. V to procure the services of a contract killer to commit the murder of the appellant's wife, (2) that these acts were done with the intent to commit the murder, (3) that the acts amounted to more than mere preparation, and (4) that the acts apparently tended to effect the crime of murder. The elements of the solicitation to murder charge, as alleged, are: (1) that the appellant solicited or advised Mr. V to procure the services of a contract killer to commit the murder of the appellant's wife, (2) that he did so with the intent that the murder actually be committed, and (3) that such conduct was prejudicial to good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. As can easily be seen, the first two elements of each offense are identical. The third and final element of the solicitation charge either serves exclusively to establish court-martial jurisdiction or is identical to the element impliedly contained within every enumerated punitive article of the UCMJ, i.e., that commission of the named offense is either prejudicial to good order and discipline in the armed forces or is of a nature to bring discredit upon the armed forces. *Foster*, 40 M.J. at 143. Thus, we find that the solicitation charge, in addition to the attempted conspiracy charge, is multiplicious with, and subsumed within, the greater charge of attempted murder.

Accordingly, the findings of guilty of Charge II and its Specification (solicitation to commit premeditated murder) and Additional Charge I and its Specification (attempted conspiracy to commit murder) are set aside and dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for sixteen years and forfeiture of all pay and allowances.

Senior Judge EDWARDS and Judge GONZALES concur.