# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JEFFREY W. SWARTZ**
**United States Army, Appellant**

ARMY 20091041

Headquarters, U.S. Army Combined Arms Support Command and Fort Lee
Denise R. Lind, Military Judge (arraignment)
Stephen R. Henley, Military Judge (trial)
Colonel Paul E. Kantwill, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Tiffany K. Dewell, JA (on brief); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain John L. Schriver, JA (reply brief & on supplemental brief); *Pro Se* (Petition for New Trial); Colonel Patricia A. Ham, JA; Major Jacob D. Bashore, JA; Captain John L. Schriver, JA (Motion for Reconsideration).

For Appellee: Major Amber J. Williams, JA; Major LaJohnne A. White, JA (on brief & on supplemental brief); Lieutenant Colonel Amber J. Roach, JA; Major Julie A. Glascott, JA; Captain Steve T. Nam, JA (Response to Motion for Reconsideration).

28 August 2012

-----------------------------------------------------------------
SUMMARY DISPOSITION ON RECONSIDERATION
AND ACTION ON PETITION FOR NEW TRIAL
-----------------------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of solicitation to commit premeditated murder in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for five years, and reduction to the grade of E-1. The convening authority approved the adjudged sentence and waived appellant's automatic forfeitures for a period of six months with direction they be paid to appellant's

dependent.  Appellant was credited with 202 days of confinement against his sentence to confinement.

On 30 May 2012, we issued a decision in this case, denying appellant's Petitions for New Trial and affirming the findings of guilty and the sentence.  *United States v. Swartz*, ARMY 20091041 (Army Ct. Crim. App. 30 May 2012) (summ. disp.).   On 18 July 2012, we granted, in part, appellant's motion for reconsideration of our decision.  Upon review of our earlier opinion, appellant's motion for reconsideration, and in light of our superior court's recent decision in *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), our decision remains unchanged.

We again conclude that the government's error in failing to formally plead the terminal element did not result in material prejudice to appellant's right to notice.  *Cf. Humphries*, 71 M.J. at 217 (citing *United States v. Girouard,* 70 M.J. 5, 11–12 (C.A.A.F. 2011)).  Here, appellant filed a pretrial motion to dismiss one of the solicitation offenses on unreasonable multiplication grounds.[*]  Appellant's motion quoted *United States v. Owen*, 47 M.J. 501 (Army Ct. Crim. App. 1997); specifically, it quoted language that outlines the elements for an Article 134, UCMJ, solicitation offense, to include the terminal element "that such conduct was prejudicial to good order and discipline in the armed forces or of a nature to bring discredit upon the armed forces."  The block quote taken from *Owen* and found in appellant's pretrial motion goes on to say:

> The third and final element of the solicitation charge either serves exclusively to establish court-martial jurisdiction or is identical to the element impliedly contained within every enumerated punitive article of the UCMJ, i.e., that commission of the named offense is either prejudicial to good order and discipline in the armed forces or of a nature to bring discredit upon the armed forces.

---

[*] On 30 July 2009, appellant was arraigned at which time the military judge granted appellant's request to defer both forum and pleas.  On 9 September 2009 and 30 September 2009, there were two Article 39(a), UCMJ sessions to address a variety of pretrial issues.  On 13 November 2009, appellant filed the pretrial motion referenced above to dismiss one of the solicitation specifications (Specification 1 of Charge II), arguing it was an unreasonable multiplication of charges with the attempted murder specification (The Specification of Charge I).  The military judge deferred ruling on the motion until after findings.  On 18 November 2009, the court was assembled, appellant elected to be tried by a military judge sitting alone, and appellant entered a plea of not guilty to all charges and specifications.  On 19 November 2009, appellant was found not guilty of attempted murder, rendering his motion for unreasonable multiplication of charges moot.

(App. Ex. XXII, p. 4) (quoting *Owen*, 47 M.J. at 504) (internal citations omitted).

Unlike *Humphries*, there can be no doubt appellant was aware of and on notice of the terminal element for his solicitation charge as he cited the terminal element, albeit in  a block quote from *Owen*, in his argument in support of his pretrial motion to dismiss.  Accordingly, the record demonstrates appellant was on notice of the terminal element for the solicitation offense and did not suffer prejudice as a result of its omission from the specification.

Upon reconsideration of the entire record, the assigned errors, the Petitions for New Trial, and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we find appellant's arguments to be without merit.  The Petitions for New Trial are again denied.  Consistent with our earlier decision, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact.  *See United States v. Swartz*, ARMY 20091041 (Army Ct. Crim. App. 30 May 2012) (summ. disp.).  Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court