**UNITED STATES**

v.

**Major Jose R. PACHECO, 583–68–
1486 United States Air Force.**

**Misc. Dkt. No. 92–09.**

U.S. Air Force Court of Military Review.

4 Nov. 1992.

Appellate Counsel for the Appellee: Lieutenant Colonel Terry J. Woodhouse, Major Mary C. Yastishock, and Captain Ursula P. Moul.

Appellate Counsel for the United States: Major Paul H. Blackwell, Jr., Major Joseph V. Treanor III, Captain Charlie M. Johnson, and Captain David C. Wesley.

Before DIXON, McLAUTHLIN, and HEIMBURG, Appellate Military Judges.

## OPINION OF THE COURT

McLAUTHLIN, Senior Judge:

The United States has filed a timely appeal under Article 62, UCMJ, 10 U.S.C. § 862, contending that the military judge erroneously excluded evidence in this case. We find no error and decline to grant the relief requested.

## FACTS

Major Jose Pacheco is charged with three assaults upon his wife's 5-year-old son, an assault upon his daughter, and an assault upon his wife. He is also charged with communicating indecent language to each child and threatening his wife. He entered pleas of not guilty to each charge and specification. During the initial Article 39(a) session, trial counsel informed the military judge that the accused's wife had not responded to the government's subpoena to appear as a witness. According to the trial counsel, the accused's wife was the government's "star witness" since she was the victim of two alleged offenses and a witness to the others. The trial counsel added that the wife's son, another alleged victim, also appeared to be missing. He was presumably with his mother.

The accused's wife signed the subpoena for herself and her son 12 days before trial. However, the subpoenas were served without pre-paid witness and mileage fees, apparently because the wife seemed to be a willing witness at the time. As a result, the military judge had no authority to compel the wife's presence with a warrant of attachment. He granted the government's request for an overnight delay to locate the missing witnesses and serve them with new subpoenas and fees. The government's attempts to find the accused's wife were unsuccessful, however, despite reports that she went to church with the accused the day before trial, visited her husband's attorney's office the same afternoon, and called the accused's motel the day the trial

began. The government requested more time to continue its search, but this request was denied.

Arguing that the accused's wife was now unavailable within the meaning of Military Rule of Evidence 804(a)(5), the government offered a sworn statement she made to the Air Force Office of Special Investigations (OSI) on 4 February 1992. Trial counsel contended this was admissible as a statement against the wife's interest or, in the alternative, under the residual exception. Mil.R.Evid. 804(b)(3), 804(b)(5).[1] The military judge allowed the government to present evidence regarding the wife's availability and the circumstances surrounding her sworn statement, but refused to let the government attempt to corroborate the wife's statement with admissions the accused allegedly made to a social worker. The judge eventually found the accused's wife unavailable within the meaning of Mil. R.Evid. 804(a)(5), but ruled her statement to the OSI inadmissible under either Mil. R.Evid. 804(b)(3) or 804(b)(5). It is this ruling and its supporting rationale, including the exclusion of the social worker's testimony, that the United States appeals under Article 62, UCMJ.

## I

### JURISDICTION

Appellate defense counsel suggest, first, that the judge's rulings are not proper subjects for an appeal by the government. We do not agree. Article 62 provides:

[T]he United States may appeal an order or ruling of the military judge which terminates the proceedings with respect to a charge or specification or which excludes evidence that is substantial proof of a fact material in the proceeding.

Article 62(a)(1). The defense brief points out that all of the charges raised in the wife's statement can be proven through other witnesses that have never been shown to be unavailable.[2] Since "the military judge's ruling did not dismiss any charges and specifications, and his ruling does not terminate the proceedings with respect to these charges and specifications," the respondent contends we lack jurisdiction to hear this government appeal.

The respondent's focus is on the wrong clause of Article 62. We agree the record fails to show how barring the wife's statement was the "functional equivalent" of a "ruling which terminates the proceedings." *See United States v. True*, 28 M.J. 1 (C.M.A.1989).[3] However, we find the record sufficient to support the conclusion that this ruling "exclude[d] evidence that is substantial proof of a fact material in the proceeding." Article 62(a)(1).

■ In allowing appeals by the United States in Article 62 and other similar provisions,[4] Congress demonstrated an intent to remove all statutory and common law barriers. *Arizona v. Manypenny*, 451 U.S. 232, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981); *see also United States v. Scholz*, 19 M.J. 837 (N.M.C.M.R.1984). As a result, the government's right to appeal interlocutory orders suppressing or excluding evidence has been interpreted broadly. *United States v. Humphries*, 636 F.2d 1172 (9th Cir.1980); *Scholz*, 19 M.J. at 840. Moreover, in these appeals it is not necessary

---

1. The accused's wife testified at the Article 32, UCMJ, pretrial investigation, but her testimony had not been recorded verbatim, eliminating the possibility of admitting that testimony under Mil.R.Evid. 804(b)(1).

2. The accused's wife appears to be the victim and only witness to her husband's alleged threat, but that incident was not mentioned in her sworn statement to the OSI.

3. While the record strongly implies that the accused's wife was a vital cog in the government's case, nothing was ever offered suggesting that the other victims and other witnesses to the charges were either unavailable or inconsequen-

tial. Thus, the record never details, as it might have for this appeal, the reasons the judge's ruling amounted to a "ruling terminating the proceedings."

4. In its legislative history, reference is made to the fact that Article 62 closely tracks 18 U.S.C. § 3731, the provision giving the United States the right of appeal in civilian criminal matters. S.Rep. No. 53, 98th Cong., 1st Sess. 23 (1983); H.R.Rep. No. 549, 99th Cong., 1st Sess. 19 (1983), U.S.Code Cong. & Admin.News, p. 2177. 18 U.S.C. § 3731 contains the same "substantial proof ..." language found in Article 62.

that the evidence suppressed be the only evidence in the case. *See United States v. Helstoski*, 442 U.S. 477, 99 S.Ct. 2432, 61 L.Ed.2d 12 (1979).

 The standard the petitioner must meet to establish appellate jurisdiction under the "substantial proof" portion of Article 62 is somewhat unsettled. Federal civilian courts require that "the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the [excluded or suppressed] evidence is a substantial proof of a fact material in the proceeding." 18 U.S.C. § 3731. The certification alone meets statutory requirements. *In re Special September 1978 Grand Jury II*, 640 F.2d 49 (7th Cir.1980). However, in the absence of a timely certification, the court may still possess jurisdiction if "satisfied from an examination of the record that the certification is factually supported." *United States v. Kleve*, 465 F.2d 187 at 190 (8th Cir.1972).

The Navy–Marine Court of Military Review applied this federal precedent to Article 62 jurisdiction as follows:

> So long as it is *alleged* that the evidence is substantial, the Petitioner will come within the appellate court's jurisdiction. If the essence of the appeal expresses the substantial nature of the evidence, the wording of the appeal need not track the statutory, "substantial ...", language.
>
> \* \* \* \* \* \*
>
> It is sufficient that the petitioner *believes* that the evidence is significant....

*Scholz* 19 M.J. at 840–841 (emphasis added). We agree with and adopt this interpretation of the United States' broad right of appeal under Article 62.[5]

Petitioner's appeal never alleges that the excluded evidence was "substantial proof" in its case. However, our reading of the pleadings and the record convinces us that the wife's statement became crucial to the prosecution when she failed to appear for trial. Therefore, we find that the judge's refusal to admit her statement "exclude[d] evidence that [was] substantial proof of a fact material in the proceeding," and we have jurisdiction. Article 62(a)(1).

## II

## EXCLUSION OF THE WIFE'S STATEMENT

### A. FINDINGS OF FACT

 After analyzing the merits of the government's appeal, however, we find no basis for relief. Petitioner's challenge is directed at both the military judge's findings of fact and conclusions of law.[6] In an Article 62 appeal, we are bound by the military judge's factual findings unless they are unsupported by the evidence of record or clearly erroneous. *United States v. Burris*, 21 M.J. 140 (C.M.A.1985). We are not permitted to find facts in addition or contrary to the facts found by the military judge. Article 62(b), UCMJ; R.C.M. 908(c)(2). Therefore, in assessing the trial judge's findings of fact, the question we address is not whether we might have found differently, but whether the findings

---

5. The Navy–Marine Court observed, "While this may mean that many rulings are potentially eligible for appellate review, from a practical standpoint, the military's interest in preventing a backlog within its own system will act to prevent an abuse of the right." 19 M.J. at 840. The dearth of cases evaluating this aspect of Article 62 jurisdiction in the statute's 9 year existence lends support to our sister Court's prediction.

6. The military judge did not make separate essential findings of fact. Instead, he interspersed his findings of fact with his legal conclusions. When factual issues are involved in ruling on a motion or objection to evidence, military judges are required to state their essential findings of

fact on the record. Mil.R.Evid. 311(d)(4); R.C.M. 905(d). *After* stating the facts, the judge should explain the legal standards applied and the analysis of the application of those standards to the facts. Finally the military judge should announce any conclusions made and the decision. *See United States v. Reinecke*, 30 M.J. 1010 (A.F.C.M.R.1990); *rev'd on other grounds*, 31 M.J. 283 (C.M.A.1990). "Without a proper statement of essential findings, it is very difficult for an appellate court to determine the facts relied upon, whether the appropriate legal standards were applied or misapplied, and whether the decision amounts to an abuse of discretion or legal error." *Reinecke* at 1015.

are fairly supported by the record. Here, we conclude, they are.

■ The facts appellate government counsel dispute are those trial judge used to determine that the 4 February 1992 statement the accused's wife gave to the OSI was not made against her interests. We find sufficient justification in the record for the judge's findings. Evidence indicated that the accused's wife was torn between divorcing her husband and reconciliation at the time she made her statement. In a divorce proceeding, a statement of spouse or child abuse could form the basis for a more sympathetic property distribution. If the motive were to try to keep the family together, the statement might lead to family counselling and assistance, as such reports had apparently done for this family in the past. Either way, the wife's statement can reasonably be seen to have been made in her own interests. In addition, by implicating the accused and not herself, the accused's wife kept suspicion from focussing in her direction and eluded potential custody challenges from her son's natural father. Therefore, we find ample support in the record for the military judge's finding that the accused's wife's statement to OSI was not made against her interests.

## B. QUESTIONS OF LAW

Finding none of the facts relied upon by the military judge to be clearly erroneous, we turn to a determination of whether the judge correctly applied the law to those facts. We conclude that he did.

■ *Statement Against Interest.* To qualify a statement for admission under Mil.R.Evid. 804(b)(3) the test is whether, at the time the statement is made, the declarant perceives the statement to be so far contrary to his or her penal or pecuniary interests that a reasonable person in the same situation would only speak the truth. *See United States v. Greer,* 33 M.J. 426 (C.M.A.1991). "In making statements from which a benefit may be derived, a declarant often has less concern with truthfulness; so there is a special need to subject such statements to the safeguard of cross exam-

ination." *Id.* at 430. Having found no clear error in the trial judge's factual determinations on this point, we discern no abuse of discretion in his refusal to admit the accused's wife's statement as a statement against her interests.

■ *Residual Hearsay.* We also find no abuse of discretion in the military judge's decision not to admit the accused's wife's statement under the Mil.R.Evid. 804(b)(5) residual hearsay exception. Appellate courts have consistently held that this Rule is to be construed strictly and used only in rare, exceptional circumstances. *See United States v. Giambra,* 33 M.J. 331 (C.M.A. 1991); *United States v. Yeauger,* 27 M.J. 199, 202–203 (C.M.A.1988); *United States v. Fisher,* 28 M.J. 544, 547 (A.F.C.M.R. 1989).

■ One prerequisite for evidence admitted under Mil.R.Evid. 804(b)(5) is that it be more probative on the point than any other evidence which the government can procure through reasonable efforts. *See United States v. Dill,* 24 M.J. 386, 387–388 (C.M.A.1987); *Fisher,* 28 M.J. at 547. That requirement was not met here. As indicated in our evaluation of our jurisdiction to hear this case, the government has not yet shown it has exhausted every reasonable means to secure the preferable live testimony of other witnesses before turning to the out-of-court declaration by the accused's wife. *See United States v. Hines,* 23 M.J. 125, 133 (C.M.A.1986).

■ In addition, the statement of an unavailable declarant

> is admissible only if it bears adequate "indicia of reliability." Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, *the evidence must be excluded,* at least absent *a showing of particularized guarantees of trustworthiness.*

*Ohio v. Roberts,* 448 U.S. 56, 65–66, 100 S.Ct. 2531, 2538–2539, 65 L.Ed.2d 597 (1980) (emphasis added); *See also Idaho v. Wright,* 497 U.S. 805, 814–815, 110 S.Ct. 3139, 3146, 111 L.Ed.2d 638 (1990). Since it is not a "firmly rooted" hearsay exception,

the residual exception must satisfy the Confrontation Clause's requirements for "particularized guarantees of trustworthiness" in the process used to obtain the statement. *See United States v. Clark,* 35 M.J. 98, 105 (C.M.A.1992). Evidence corroborating the statement's truthfulness will not satisfy these requirements. "The relevant circumstances include only those that surround the making of the statement and that render the declarant particularly worthy of belief." *Idaho v. Wright,* 497 U.S. at 818, 110 S.Ct. at 3148.

■ In this case, the accused's wife first verbally relayed her allegations to an OSI agent on 12 January 1992. The agent did not meet with the accused's wife again until 24 January 1992, when he provided her with a blank form and instructions for drafting a written statement. On 4 February 1992, the agent came to the wife's house and watched her sign the typewritten statement she had already prepared. At trial, the agent told the judge that some of the allegations in this statement were "different" than the original accusations. The agent also admitted in cross-examination that the wife's written accusations were "bigger," or more embellished, than her initial complaint. In addition, as noted above, there was some indication that accused's wife was contemplating divorcing the accused at the same time she was preparing her statement against him. Under these circumstances, we find no abuse of discretion in the trial judge's conclusion that the wife's statement lacked the requisite "guarantees of trustworthiness" to be admitted under the residual hearsay exception. *See Giambra* 33 M.J. at 334.

■ *Admissions to Social Worker.* Finally, appellate government counsel contend the military judge erred as a matter of law in not allowing a family advocacy therapist to relate admissions the accused apparently made to him. The judge concluded that the social worker was too closely tied to the investigative arm of this case rather than any treatment arm to allow the accused's unwarned admissions into evidence. We find no abuse of discretion in the judge's ruling in view of the mandatory nature of the interview, the fact that the accused never requested any "treatment," the social worker's knowledge of the allegations against the accused, the means the social worker used to try to get the accused to talk, and the accused's in-court objection to the therapist's testimony. *Compare United States v. Moore,* 32 M.J. 56 (C.M.A. 1991); *see also United States v. Quillen,* 27 M.J. 312 (C.M.A.1988). The military judge expressed appropriate concern with a process in which a "commander, knowing about allegations against one of his troops, just merely sends that person over to the Family Advocacy Officer, who then obtains some admissions which are later brought out in a court."

Accordingly, the appeal by the United States is

DENIED.

Chief Judge DIXON and Judge HEIMBURG concur.