UNITED STATES

v.

**Senior Airman Eddie SEPULVEDA, FR397–76–0063 United States Air Force.**

**Misc. Dkt. No. 94–10.**

U.S. Air Force Court of Military Review.

13 Sept. 1994.

Appellate Counsel for Appellee: Colonel Jay L. Cohen, Lieutenant Colonel Frank J. Spinner, and Captain Richard D. Desmond.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise and Captain Jane M.E. Peterson.

Before SNYDER, RAICHLE, and YOUNG, Appellate Military Judges.

## OPINION OF THE COURT

YOUNG, Judge:

The government brought appellee to trial on three specifications of indecent assault, three specifications of indecent acts, and one specification of drunk and disorderly, under Article 134, UCMJ, 10 U.S.C. § 934 (1994), and one specification of simple assault under Article 128, UCMJ, 10 U.S.C. § 928 (1994). The military judge dismissed all three specifications alleging indecent acts, finding them to be lesser-included offenses of the corresponding specifications of indecent assault. The military judge also granted the defense motion to consolidate the three specifications of indecent assault into one specification. The United States has filed a timely appeal of those rulings. Article 62, UCMJ, 10 U.S.C. § 862 (1994). We find the military judge erred as a matter of law in consolidating the indecent assault specifications and reverse in part.

### I. Article 62, UCMJ, and the Standard of Review

The United States may appeal a ruling of the military judge which "terminates the proceedings with respect to a charge or specification." Article 62(a),

UCMJ, 10 U.S.C. § 862(a) (1994). "[T]he Court of Military Review may act only with respect to matters of law, notwithstanding" Article 66(c), UCMJ, 10 U.S.C. § 866(c) (1994). Article 62(b), UCMJ, 10 U.S.C. § 862(b) (1994). We are bound by the military judge's factual findings unless they are unsupported by the evidence of record or were clearly erroneous. *United States v. Burris*, 21 M.J. 140, 144 (C.M.A.1985). In an Article 62 appeal, we are without power to find facts in addition to those found by the military judge. *United States v. Pacheco*, 36 M.J. 530, 533 (A.F.C.M.R.1992).

■■ The defense contests jurisdiction claiming that the military judge's ruling did not terminate the proceedings. We disagree. Regardless of whether the military judge dismissed with or without prejudice, he terminated the proceedings with regard to the specifications alleging indecent acts. *United States v. Weymouth*, 40 M.J. 798 (A.F.C.M.R. 1994) (en banc). While it is not necessary to dismiss specifications which have been consolidated into another (*United States v. Sorrell*, 23 M.J. 122 n. 1 (C.M.A.1986)), we believe consolidation is the functional equivalent of dismissal. Therefore, we will review both the dismissal of the indecent acts specifications and the consolidation of the indecent assault specifications.

## II. Discussion

■■ The offense of indecent acts is a lesser-included offense of indecent assault. *United States v. Foster*, 40 M.J. 140 (C.M.A. 1994). Therefore, despite the language in *Foster* suggesting that prosecutors would be wise to plead lesser-included offenses under Article 134, the military judge did not err as a matter of law in dismissing the three specifications of indecent acts.

■■ The consolidation of the three specifications of indecent assault into one specification also presents a multiplicity issue. Appellee was charged with indecently assaulting the victim on three separate occasions on the same day. The military judge received briefs on the issue and then concluded that the government had essentially concurred with appellee's proposed findings of essential facts, without asking the government if such

were the case. Based on the facts submitted by appellee, the military judge held that each of the specifications alleged conduct with the same victim, with no appreciable interval of time between the alleged criminal acts, and, therefore, amounted to one continuous course of conduct. We conclude that the military judge's findings of fact are not supported by the *evidence*. Without agreement by the parties to the facts, there was no evidence before the military judge on the issue. We may have disregarded this issue if the facts alleged in the government's brief were actually in agreement with those alleged by the defense, but they were not. We will return the record to the military judge to make essential findings of fact based on either the stipulation of the parties or other evidence.

By returning the case to the military judge to find facts, we need not discuss when consolidation is appropriate. Nevertheless, we note a flaw in the military judge's analysis which we believe appropriate to discuss as a matter of judicial economy.

■■ In determining whether one offense is multiplicious with another, we must first perform a preliminary analysis of the facts to determine whether the offenses arose out of the same act or transaction. If they did not arise out of the same act or transaction, then they are not multiplicious, and they may be charged separately unless the statute under which they were charged was meant to prohibit a continuing course of action and not individual acts. *Compare Blockburger v. United States*, 284 U.S. 299, 302, 52 S.Ct. 180, 181, 76 L.Ed. 306 (1932) (two sales of drugs to same individual were separate as first transaction was completed before second transaction initiated) *with Ex Parte Snow*, 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658 (1887) (offense of cohabiting with more than one woman was a continuing course of action because statute prohibited living or dwelling together as husband and wife) *and United States v. Appel*, 31 M.J. 314, 321 (C.M.A. 1990) (each kiss, hug, or act of sexual intercourse between officer and an enlisted person which occurs in violation of military custom against fraternization should not be treated as a separate offense). " '[T]he test

is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent.'" *United States v. Stribling*, 5 U.S.C.M.A. 531, 18 C.M.R. 155, 157 (1955) (quoting *Morgan v. Devine*, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915)).

 After examining the elements of the offense of indecent assault, we hold that this offense is meant to make criminal each individual act rather than a continuing course of action. Therefore, the military judge must determine whether each of the separately charged indecent assaults was part of the same act or transaction. When making this determination, the military judge should consider the time difference between the offenses, the place or places where they were alleged to have been committed, whether there was a break in the criminal conduct between the offenses, whether the accused was on notice that such conduct was unacceptable to the victim, and whether, before reinitiating his criminal conduct, the accused had an opportunity to reflect on his actions and choose not to commit additional offenses. *Compare United States v. Gregory*, 31 M.J. 236, 238 (C.M.A.1990) (each unauthorized use of a military telephone could have been charged separately) (citing *United States v. Jobes*, 20 M.J. 506, 513 (A.F.C.M.R.1985), *pet. denied*, 21 M.J. 102 (C.M.A.1985)) and *United States v. Watkins*, 21 M.J. 224 (C.M.A.1986) (assault consummated by battery separate from rape when acts of choking and striking victim's face did not constitute the actual force used to accomplish the rape), *cert. denied*, 476 U.S. 1108, 106 S.Ct. 1956, 90 L.Ed.2d 364 (1986) *and United States v. Burney*, 21 U.S.C.M.A. 71, 44 C.M.R. 125 (1971) (stealing a truck and driving to new location to steal field gear two separate larcenies) *with United States v. Guerrero*, 28 M.J. 223, 226 (C.M.A.1989) (soliciting, in one conversation, two individuals to lie to military police amounted to only one specification of obstruction of justice) *and United States v. Burris*, 21 M.J. 82 (C.M.A.1985) (falsifying two separate, but related, forms at same time and place amounted to one transaction).

## III. Conclusion

Accordingly, the case is returned to the military judge for proceedings in conformance with this opinion.

Senior Judges SNYDER and RAICHLE concur.