**UNITED STATES, Appellee,**

v.

**Lonny L. CRIFFIELD, Sergeant,
U.S. Air Force, Appellant.**

No. 96–1149.

Crim.App. No. 31687.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 8, 1997.

Decided Feb. 3, 1998.

For Appellant: *Captain Margo Stone Newton* (argued); *Lieutenant Colonel Kim L. Sheffield* and *Major Gerald R. Bruce* (on brief); *Colonel Jay L. Cohen, Colonel Douglas H. Kohrt* and *Captain Harold M. Vaught.*

For Appellee: *Lieutenant Colonel Michael J. Breslin* (argued); *Colonel Theodore J. Fink* (on brief); *Captain Allen G. Erickson.*

PER CURIAM:

Appellant alleges that his conviction for possession of a homemade silencer is multiplicious with his convictions for wrongfully making and wrongfully transporting the firearm silencer, all charged under the assimilative crimes portion of Article 134, Uniform Code of Military Justice, 10 USC § 934, which incorporated 26 USC § 5861(d), (e), and (f).

At trial, defense counsel moved to dismiss the specification alleging wrongful transfer of the silencer as being multiplicious for both findings and sentencing with the specification of possession of the silencer. The military judge found that they were not multiplicious for any purpose but, instead, ruled that the specification for making the silencer was multiplicious with the specification for possession of the silencer and instructed the members that they were to consider these offenses as one for sentencing purposes. The members sentenced appellant to a bad-conduct discharge, hard labor without confinement for 30 days, a $500.00 fine, and reduction to the lowest enlisted grade.

Although the judge was within his discretion to treat these offenses as multiplicious for sentencing, we hold that the judge did not err as a matter of law by finding that the offenses were not multiplicious for findings. See *United States v. Neblock,* 45 MJ 191, 198–99 (1996).

The decision of the United States Air Force Court of Criminal Appeals is affirmed.