**UNITED STATES, Appellant,**

v.

**Jefferson C. ADAMS, Private, U.S. Marine Corps, Appellee.**

No. 97–5005.
Crim.App. No. 96–0485.

U.S. Court of Appeals for
the Armed Forces.

Argued March 26, 1998.

Decided Sept. 23, 1998.

For Appellant: *Lieutenant Commander John Maksym,* JAGC, USNR (argued); *Colonel Charles Wm. Dorman,* USMC, *Commander D.H. Myers,* JAGC, USN, and *Lieutenant Bennett J. Lee,* JAGC, USNR (on brief); *Lieutenant Russell J.E. Verby,* JAGC, USNR.

For Appellee: *Lieutenant Jennifer L. Eichenmuller,* JAGC, USNR (argued); *Lieutenant Christopher J. McEntee,* JAGC, USNR (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

Private Adams was tried by a general court-martial composed of officer members at

the Marine Corps Air Station, Cherry Point, North Carolina, between May and July 1995. Contrary to his pleas, he was found guilty of aggravated assault, simple assault on a military policeman, willfully disobeying a lawful order by a military policeman, resisting apprehension, willful destruction of military property, reckless and drunken driving, use of provoking words, and drunk and disorderly conduct, in violation of Articles 128, 92, 95, 108, 111, 117, and 134, Uniform Code of Military Justice, 10 USC §§ 928, 892, 895, 908, 911, 917, and 934, respectively. He was sentenced to a bad-conduct discharge, confinement for 24 months, forfeiture of $400 pay per month for 18 months, and a fine of $500.00. On February 12, 1996, the convening authority approved the sentence as adjudged.

On February 14, 1997, the Court of Criminal Appeals, in an unpublished opinion, set aside the findings of guilty to use of provoking words, in violation of Article 117 (specification of Charge VI), and simple assault, in violation of Article 128 (specification of Charge VII). It dismissed those Charges and specifications but otherwise affirmed the trial results. Unpub. op. at 3.

The Judge Advocate General of the Navy, on April 30, 1997, certified four issues for review by this Court in accordance with Article 67(a)(2), UCMJ, 10 USC § 867(a)(2)(1994):

I

WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERRED WHEN IT SET ASIDE APPELLEE'S CONVICTION FOR PROVOKING WORDS, WHERE THE COURT CONSIDERED THE SPECIAL TRAINING OF THE VICTIM IN DETERMINING WHETHER APPELLEE'S WORDS WERE PROVOKING.

II

IF CERTIFIED ISSUE I IS ANSWERED IN THE AFFIRMATIVE, DID THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERR IN HOLDING THAT THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN APPELLEE'S CONVICTION FOR PROVOKING SPEECH, WHERE APPELLEE WAS SURROUNDED BY SEVERAL ARMED POLICE OFFICERS ATTEMPTING TO APPREHEND HIM, APPELLEE VERBALLY ABUSED AND CHALLENGED THE OFFICERS' REPEATED ORDERS TO SURRENDER, AND APPELLEE MADE SEVERAL THREATENING GESTURES TOWARDS THEM.

III

WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERRED IN HOLDING THAT IN A PROSECUTION FOR ASSAULT UPON A PERSON IN THE EXECUTION OF LAW ENFORCEMENT DUTIES THAT THE STATUS OF THE VICTIM AS A MILITARY POLICEMAN WAS AN AGGRAVATING FACTOR, RATHER THAN AN ADDITIONAL ELEMENT OF THAT OFFENSE.

IV

IF CERTIFIED ISSUE III IS ANSWERED IN THE AFFIRMATIVE, DID THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERR IN HOLDING THAT THE OFFENSES WERE MULTIPLICIOUS, BECAUSE THE CHARGED ASSAULT UPON A PERSON IN THE EXECUTION OF LAW ENFORCEMENT DUTIES WAS A LESSER INCLUDED OFFENSE OF ASSAULT UPON THE SAME OFFICER WITH A MEANS LIKELY TO INFLICT DEATH OR GRIEVOUS BODILY HARM.

We hold that the Court of Criminal Appeals did not err as suggested in the certified questions, and we affirm its decision in this case.[1]

---

1. In view of this Court's negative answers to Certified Questions I and III in this case, we need not address Certified Questions II and IV.

This case arose "[a]s the result of an on-base traffic stop gone bad." The Court of Criminal Appeals summarized the basic facts of this case giving rise to the certified questions, as follows:

> Addressing Assignment of Error II, we note that after litigation and motions, the offense under Article 117, UCMJ, was trimmed of any allegation of provoking gestures and became an offense of provoking speech only.[2]  Record at 361.  At that point the appellant was alleged to have used provoking speech to the military police officers who had surrounded him and ordered him out of his car.  The appellant complied with the order to get [out] of the car, but refused the order to raise his hands and back away from the car.  *See* Record at 193, 212.  In fact, he put his arms on the roof of the car and smoked a cigarette while giving verbal abuse to the military police officers.  Record at 212.  This refusal to obey the order is the object of the appellant's conviction under Charge II for violation of Article 92, UCMJ, 10 USC § 892.  *The appellant, in response to the order, essentially said: "Fuck you, I don't have to do that" or "Ain't gonna do it." Record at 193, 361.  On the basis of this language, the appellant was convicted of provoking speech.*  We find that, under these circumstances, the evidence is insufficient, as a matter of fact, to find the appellant's response to the military policemen was provoking speech.  Art. 66(c), UCMJ[,] 10 USC § 866(c); *see United States v. Davis*, 37 MJ 152 (CMA 1993).  The special training of military policemen, although not controlling, is to be considered when determining if the words of the accused are provoking under the circumstances.  *In the appellant's case, we find that the words used by the appellant are not words which "a reasonable person would expect to induce a breach of the peace* **under the circumstances."**  Manual

for Courts–Martial, United States (1995), Part IV, ¶ 42c(1).

> Upon consideration of Assignment of Error III, we agree that the military judge erred in ruling that the aggravated assault, *i.e.,* attempting to run down Corporal Erlemann with an automobile, was not multiplicious with the simple assault on a military policeman, *i.e.,* attempting to run down Corporal Erlemann with an automobile.  There was only one attempt to run down Corporal Erlemann, and the corporal was not struck.  *The simple assault on Corporal Erlemann is a lesser included offense of the aggravated assault on Corporal Erlemann.*  See Art. 79, UCMJ, 10 USC § 879, titled **Conviction of lesser included offense.**  Corporal Erlemann's status as a military policeman is an aggravating *factor* * established by the President under his powers granted by Article 36, UCMJ, 10 USC § 836.  *See* Manual for Courts–Martial, United States (1995 ed.), Part IV, ¶ 54e(6).  The addition of this aggravating *factor* * of Corporal Erlemann's status does not add an *element* * to the offense of simple assault that is not already a part of the greater offense of aggravated assault.

Unpub. op. at 2–3 (emphasis added except *).

— — —

■  The first certified question concerns the action of the appellate court below in setting aside Private Adams' conviction for using provoking words.  *See generally* Art. 117.[3]  The single specification of Charge VI states that Private Adams "did at Marine Corps Air Station, Cherry Point, North Carolina, on or about 30 January 1995, wrongfully use provoking words, to wit: 'Fuck you.  I don't have to do that.'; or words to that effect; towards the said Corporal Drake."  The appellate court below set aside the finding of guilty to this specification, as noted above, because it found that the aforemen-

---

**2.**  The court-martial order dated 12 Feb. 1996 does not reflect this.

**3.**  This Article provides:
> § 917.  **Art. 117.  Provoking speeches or gestures**

> Any person subject to this chapter who uses provoking or reproachful words or gestures towards any other person subject to this chapter shall be punished as a court-martial may direct.

tioned words would not provoke a reasonable military policeman to violence because of his special police training. *See also United States v. Thompson,* 22 USCMA 88, 46 CMR 88 (1972).

The Government initially relies on the decision of this Court in *United States v. Davis,* 37 MJ 152, 155 (1993), for its argument that the service appellate court legally erred in setting aside Private Adams' conviction for using provoking words. In *Davis,* this Court held that certain words said by a non-detained soldier, involved in a recently concluded bar altercation, to a departing military police sergeant were *legally sufficient* to constitute provoking words in violation of Article 117. The soldier said, "Fuck you, Sergeant," and, "Fuck the MPs," numerous times. The Government contends that our holding in *Davis* dictates affirmance, not reversal, of Private Adams' conviction.

We disagree. The Court of Criminal Appeals did not hold that similar words from Private Adams during his arrest were not legally sufficient to constitute this offense. Instead, it held that the evidence of guilt was not *factually sufficient* to warrant his conviction for using provoking words, a distinct holding particular to that appellate court's unique factfinding powers under Article 66(c). *See United States v. Turner,* 25 MJ 324 (CMA 1987) (distinguishing between legal and factual sufficiency); *see generally Ryder v. United States,* 515 U.S. 177, 187, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995). In our view, the court below engaged in a permissible exercise of its factfinding power. *See United States v. Townsend,* 49 MJ 175 (1998).

■ The Government further argues in its brief that our decision in *Davis* holds, at the very least, that the victim's status as a police officer cannot be considered where the accused "was not apprehended, handcuffed, or confined at the time he uttered his defiant comments." Final Brief at 8–9. We disagree with this reading of our opinion. As noted above, *Davis* is a legal-sufficiency case, not one establishing an evidentiary-exclusionary rule. Moreover, if *Davis* implies any evidentiary rule, it is that all the circum-

stances surrounding use of the words should be considered in determining their provocative nature. In this vein, we state once again that all the circumstances of a case must be considered in determining whether certain words are provoking. *See Thompson,* 22 USCMA at 90, 46 CMR at 90; para. 42c(1), Part IV, Manual for Courts–Martial, United States (1995 ed.).

■ In Certified Issue III in this case, the Judge Advocate General asks whether the service appellate court erred in holding that the victim's status as a military police officer was not an element of the offense of simple assault. This holding was critical to the lower appellate court's subsequent conclusion that the two specifications alleging assault on Corporal Erlemann were *multiplicious for findings* and its later action in dismissing the simple assault. We agree with the appellate court below that the victim's status as a police officer is not an element of the offense of assault under Article 128. *See also United States v. Gonzalez,* 42 MJ 469, 474 (1995). Therefore, his conviction for simple assault under Article 128(a) was properly set aside. *See generally United States v. Teters,* 37 MJ 370 (CMA 1993).

Private Adams was charged with attempted murder of Corporal Erlemann "by driving his automobile at a high rate of speed directly at the said Corporal Erlemann" on January 30, 1995, in violation of Article 80, UCMJ, 10 USC § 880. The members of his court-martial found him guilty of a lesser-included offense, aggravated assault, in violation of Article 128(b), for that same conduct. Private Adams was also charged with the assault of Corporal Erlemann, "who ... was then known by the accused to be a person then having and in the execution of Military Police duties, by driving his automobile at a high rate of speed directly at the said Corporal Erlemann" on January 30, 1995. The members also found him guilty of this assault offense as charged, in violation of Article 128(a). It is uncontroverted in this case that the same act was the basis for both findings of guilty. Final Brief at 11; *cf. United States v. Neblock,* 45 MJ 191 (1996) (discrete acts found to be basis for multiple charges).

Article 128 provides for prosecution of assault and aggravated assault as a matter of military law. It states:

§ 928. Art. 128. Assault

(a) Any person subject to this chapter who attempts or offers with unlawful force or violence to do bodily harm to another person, whether or not the attempt or offer is consummated, is guilty of *assault* and shall be punished as a court-martial may direct.

(b) Any person subject to this chapter who—

(1) commits an assault with a dangerous weapon or other means or force likely to produce death or grievous bodily harm; or

(2) commits an assault and intentionally inflicts grievous bodily harm with or without a weapon;

is guilty of *aggravated assault* and shall be punished as a court-martial may direct.
(Emphasis added.)

There is no element for either offense (assault or aggravated assault) pertaining to the status of the victim as a police officer or as anything else. In this regard, we note that Congress was fully capable of designating the status or office of the victim as an element of these offenses, *e.g.*, Arts. 88 (officials); 89 and 90 (superior commissioned officer); 91 (noncommissioned officer, warrant officer, or petty officer); 90 (commander); 120 (female under 16). Finally, the President in the Manual expressly stated that the status of the victim as "a person in the execution of law enforcement duties" was *a matter "permitting increased punishment,"* para. 54c(3) and (b), Part IV, Manual, *supra; see United States v. Hemingway,* 36 MJ 349 (CMA 1993). The Government's elemental argument is simply unsupported as a matter of law.

In this light, it is clear that Private Adams was found guilty of violating two sections of the same statute, based on the same conduct. *See United States v. Oatney,* 45 MJ 185 (1996) (two different offenses based on same conduct); *cf. United States v. Neblock,* 45 MJ 191 (1996) (two violations of same statute by discrete conduct). Each sectional offense, however, did not contain an element different from those elements found in the other section of the statute. *See United States v. Teters, supra.* Moreover, as a matter of law, it is well established that assault is a lesser-included offense of aggravated assault. Para. 54d(6) and (7), Part IV; *see United States v. Britton,* 47 MJ 195, 198 (1997); *see generally Rutledge v. United States,* 517 U.S. 292, 297 n. 6, 116 S.Ct. 1241, 1245 n. 6, 134 L.Ed.2d 419 (1996). In sum, it is impossible to commit an aggravated assault under this statute without committing an assault as defined in this same statute. *See generally Ball v. United States,* 470 U.S. 856, 862, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); *see United States v. Schoolfield,* 40 MJ 132, 137 (CMA 1994); *cf. Oatney, supra* at 188–89. Accordingly, the Court of Criminal Appeals was correct in concluding that only one conviction for aggravated assault was warranted in this case. *See United States v. Britton, supra; see generally Ball v. United States, supra.*

The decision of the United States Navy–Marine Corps Court of Criminal Appeals dismissing Charges VI and VII is affirmed.

Chief Judge COX and Judges CRAWFORD, GIERKE, and EFFRON concur.