**UNITED STATES, Appellee,**

v.

**Staff Sergeant Billy K.J. MONDAY,**
**United States Army, Appellant.**

**ARMY 9800082.**

U.S. Army Court of Criminal Appeals.

9 Dec. 1999.

---

For Appellant: Colonel John T. Phelps II, JA; Colonel Adele H. Odegard, JA; Major Kirsten V.C. Brunson, JA; Captain Donald P. Chisholm, JA (on brief).

For Appellee: Colonel Russell S. Estey, JA; Lieutenant Colonel Eugene R. Milhizer, JA; Major Patricia A. Ham, JA (on brief).

Before MERCK, CASIDA, and TRANT, Appellate Military Judges.

## OPINION OF THE COURT

MERCK, Judge:

A general court-martial composed of officer and enlisted members found the appellant guilty, contrary to his pleas, of conspiracy to distribute methamphetamine, possession of methamphetamine,[1] use of methamphetamine, introduction of methamphetamine onto an installation with the intent to distribute, and distribution of methamphetamine, in violation of Articles 81 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 912a [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to Private E1.

The case is before the court for automatic review under Article 66, UCMJ, 10 U.S.C. § 866. We have considered the record of trial, appellant's two assignments of error, the government's reply thereto, and the matter personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). We find no basis for relief; however, one of appellant's assignments of error merits discussion. Appellant asserts:

THE MILITARY JUDGE COMMITTED PLAIN ERROR WHEN HE FAILED TO FIND SPECIFICATION 1 OF CHARGE I (INTRODUCTION WITH INTENT TO DISTRIBUTE) MULTIPLICIOUS WITH SPECIFICATION 3 OF CHARGE I (DISTRIBUTION) WHEN THE METHAMPHETAMINE INTRODUCED WITH THE INTENT TO DISTRIBUTE WAS THE SAME METHAMPHETAMINE DISTRIBUTED.

### FACTS

On numerous occasions between February and July 1997, appellant purchased methamphetamine from a drug dealer off-post near Fort Irwin, California. He would then bring the drug back to his on-post quarters. On the occasions when appellant and his wife pooled some of their money with others to purchase the methamphetamine, they would separate their portion of the drug from the whole. On occasions when they did not provide any funds for the purchase of the methamphetamine, they would "skim off" a portion of the drug from the whole. In either case, they would then distribute the remainder of the methamphetamine.

In the Specifications at issue, the government alleged that appellant introduced methamphetamine onto Fort Irwin on divers occasion between 1 March 1997 and 9 July 1997 with the intent to distribute[2] (Specification 1

---

1. The promulgating order is in error where it reflects in Specification 4 of Charge I that appellant was found guilty of possessing methamphetamine between 1 March 1997 and 10 July 1997. It should reflect that appellant was found guilty of possessing methamphetamine on or about 10 July 1997. This court will issue a court-martial correction order to rectify this error in the promulgating order.

2. The *Manual for Courts–Martial,* United States, (1995 edition), Part IV, para. 37b(6) [hereinafter *MCM,* 1995] sets forth the elements of Article

112a, wrongful introduction of a controlled substance with the intent to distribute, as follows:

(a) That the accused introduced a certain amount of a controlled substance [onto an installation used by the armed forces or under the control of the armed forces];

(b) That the introduction was wrongful; and

(c) That the introduction was with the intent to distribute.

[Note: (c) is not a statutory element. The President under his authority granted by Article 36, UCMJ, added (c) as an aggravating factor to the statutory elements. *See United States v. Flucas,*

of Charge I); and that at some time between 1 March 1997 and 9 July 1997, appellant did distribute methamphetamine[3] (Specification 3 of Charge I).[4]

Appellant argues on appeal that the introduction with the aggravating factor of intent to distribute is multiplicious with the subsequent distribution because they constitute substantially the same offense.[5] He further argues there is no evidence that, at the time of the introduction, he intended to distribute the methamphetamine to someone other than the person to whom the methamphetamine was actually distributed. The government counters that the offenses took place at different times, that each offense could be committed without committing the other, and that each offense contains an element that the other does not.

## DISCUSSION

 Our multiplicity[6] jurisprudence, absent a specific legislative intent to the contrary, is geared to avoid multiple convictions of an appellant for what is essentially a single criminal offense. *See United States v. Teters*, 37 M.J. 370, 373 n. 1 (1993). "[T]he question before us is one of Double Jeopardy, and it asks whether Congress intended appellant at a single court-martial to be convicted of both," introduction of methamphetamine with the aggravating factor of intent to distribute and actual distribution. *See id.* at 376. Legislative intent to allow multiple convictions for offenses arising out of a single transaction may be inferred if each offense requires proof of a fact that the other does not. *See id.* at 377 (citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct.

180, 76 L.Ed. 306 (1932)). In answering this question of double jeopardy, we must also bear in mind that our superior court has stated:

> [W]e do not read the Supreme Court decision in *Whalen v. United States*, [445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) ], as authorizing a congressionally intended exception to the *Blockburger* rule where [ ] a separate elemental offense is nonetheless evidenced as the means of committing the other.

*Teters*, 37 M.J. at 378 (citing *Whalen*, 445 U.S. at 694 n. 8, 100 S.Ct. 1432); *see also United States v. Foster*, 40 M.J. 140, 146 (C.M.A.1994) ("Following strict Supreme Court guidance, such alleged 'means,' 'societal norms,' or 'insistent-flow-of-events' claims were thoroughly renounced in *Teters*.") (citing *United States v. Burney*, 21 U.S.C.M.A. 71, 44 C.M.R. 125, 1971 WL 12465 (1971)); *cf. United States v. Oatney*, 45 M.J. 185, 188 (1996) ("the pragmatic or realistic comparison approach of *Foster* still requires, at the very least, a conclusion that the greater offense could not possibly be committed without committing the lesser offense") (citing *United States v. Schoolfield*, 40 M.J. 132, 137 (C.M.A.1994)); *Teters*, 37 M.J. at 376 ("fairly embraced" test abandoned). Offenses, if found to be "separate," may be considered separate for all purposes, including sentencing. *See United States v. Morrison*, 41 M.J. 482 (1995). *But cf. United States v. Criffield*, 47 M.J. 419 (1998).

 This court, unlike two of our sister courts, has not decided the issue of whether wrongful introduction of a controlled substance, with the aggravating factor of intent

23 U.S.C.M.A. 274, 275, 49 C.M.R. 449, 450, 1975 WL 15870 (1975); *MCM*, 1995, para. 37e(2).]

3. The *MCM*, 1995, para. 37b(3) sets forth the elements of Article 112a, distribution of a controlled substance, as follows:
 (a) That the accused distributed a certain amount of a controlled substance; and
 (b) That the distribution by the accused was wrongful.

4. The court found the appellant guilty, inter alia, of Specifications 1 and 3 of Charge I, except the word and figures: "1 March 1997," substituting the word and figures: "1 February 1997."

5. In his brief, appellant writes of the *introduction (singular)* and the *distributions (plural)*. In fact the government charged appellant with introduction of methamphetamine *on divers occasions* with the intent to distribute (Specification 1 of Charge I); and charged appellant with only *one* actual distribution (Specification 3 of Charge I).

6. "Multiplicity analysis involves an ad hoc, case by case assessment of factual circumstances and the relationship of those facts to the elements of two or more court-martial offenses." *United States v. Britton*, 47 M.J. 195, 201 (1997).

to distribute, and distribution of the same controlled substance are multiplicious. *Compare United States v. Schiftic,* 36 M.J. 1193, 1197 (N.M.C.M.R.1993) ("the introduction of drugs onto a military installation with the intent to distribute those drugs is not multiplicious for findings with the ultimate distribution of the same drugs") *with United States v. Wheatcraft,* 23 M.J. 687, 688 (A.F.C.M.R.1986) (introduction of a drug onto an installation with the intent to distribute was a lesser-included offense of the distribution of the same drug). Our sister courts relied on an analysis that must be viewed today through the prism of *Teters* and its progeny. *See generally United States v. Inthavong,* 48 M.J. 628 (1998).

The events that gave rise to appellant's conviction for wrongful introduction of methamphetamine with the aggravating factor of intent to distribute, and wrongful distribution of methamphetamine did not constitute a single continuous transaction. *See generally United States v. Neblock,* 45 M.J. 191, 197 (1996) (with "a distinct or discrete-act offense, separate convictions are allowed in accordance with the number of discrete acts"); *United States v. Morrison,* 41 M.J. 482 (1995); *United States v. Sepulveda,* 40 M.J. 856, 859 (A.F.C.M.R.1994). The wrongful introduction of methamphetamine with

intent to distribute was complete when the appellant entered the installation with the requisite intent. The elements of the offenses are different and neither offense is included in the other.[7] *Cf. United States v. Decker,* 19 M.J. 351 (C.M.A.1985); *United States v. Zupancic,* 18 M.J. 387 (C.M.A.1984).

Under the facts of this case, there was an appreciable difference in time and place between the commission of the wrongful introduction with the intent to distribute, and the subsequent distribution.[8] Appellant was found guilty of violating the same statute by doing two different acts, at two different times, at two different places. Accordingly, appellant's multiplicity claim fails under this analysis.

The findings of guilty and the sentence are affirmed.

Judge CASIDA and Judge TRANT concur.

---

7. Appellant's analysis relies in great measure upon cases where the charged offenses were possession of a controlled substance with the aggravating element of intent to distribute and a subsequent distribution of the same controlled substance. Possession of a controlled substance, with or without the element of intent to distribute, is an ongoing offense that is a lesser-included offense of the greater offense of distribution of the same controlled substance. *See United States v. Savage,* 50 M.J. 244, 245 (1999). An offense is "necessarily-included" in another when its elements are a subset of the elements of the charged offense. UCMJ art. 79; *United States v. Adams,* 49 M.J. 182 (1998); *Foster,* 40 M.J. at 140. The determination of whether one offense is included in another, under the UCMJ, requires the application of the "pleadings-elements" test described in *United States v. Weymouth,* 43 M.J. 329 (1995); *United States v. Owen,* 47 M.J. 501 (Army Ct. Crim.App.1997); and *Neblock,* 45 M.J. at 203 (Crawford, J., concurring). Elements may be either a "quantitative" or "qualitative" subset of the greater offense; a "qualitative subset" exists when elements of the lesser offense, although not

expressly present in the greater offense, are necessarily derived from, or legally less serious than, those present in the greater offense. *Weymouth,* 43 M.J. at 342 (Crawford, J. concurring in the result); *see also Britton,* 47 M.J. 195. Even using this analytical framework, we conclude that introduction of a controlled substance onto an installation with the intent to distribute is an instantaneous offense that is complete upon entry to the installation and is not a lesser included offense of a subsequent distribution.

8. In the body of appellant's brief, he also argues that the wrongful introduction with the intent to distribute, and the subsequent distribution of the methamphetamine were an unreasonable multiplication of charges. Unreasonable multiplication of charges is reviewed for an abuse of discretion. As Judge Cox warned in *Foster,* 40 M.J. at 144 n. 4, it is an "elementary concept of justice" that "there is prosecutorial discretion to charge the accused for the offense(s) which most accurately describe the misconduct and most appropriately punish the transgression(s)." We find no abuse of discretion in this case.