# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

### Michael J. MEO
### Fireman Apprentice (E-2), U.S. Coast Guard

### CGCMS 24227

### Docket No.  1167

### 22 November 2002

Special Court-Martial convened by Commander, U.S. Coast Guard Group Portland, Maine. Tried at Portland, Maine, 27 November 2001.

| | |
|---|---|
| Military Judge: | LCDR William J. Shelton, USCG |
| Trial Counsel: | LT Andrea Katsenes, USCG |
| Defense Counsel: | LT Brandon E. Boutelle, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Daniel J. Goettle, USCG |

### BEFORE
### PANEL EIGHT
### BAUM, PALMER, & CAHILL
#### Appellate Military Judges

CAHILL, Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was found guilty of the following offenses: one specification of unauthorized absence of 13 days, and one specification of failure to go to his appointed place of duty on several occasions, in violation of Article 86, of the Uniform Code of Military Justice (UCMJ); one specification of disrespectful language toward an Ensign, in violation of Article 89, UCMJ; one specification of disrespectful language to a Chief Boatswain's Mate, in violation of Article 91, UCMJ; one specification of failure to obey a lawful order by wrongfully possessing a pellet pistol in a barracks, one specification of failure to obey a lawful order to report for temporary duty at Integrated Support Command (ISC) Boston, and one specification of failure to obey a lawful order by wrongfully going on board Station South Portland, in violation of Article 92, UCMJ; one specification of operating a vehicle in a reckless manner, in violation of Article 111, UCMJ; one specification of provoking speech to a Boatswain's Mate Third Class, and one specification of wrongfully using reproachful words towards an Ensign, in violation of Article 117, UCMJ; and one specification of disorderly

conduct prejudicial to good order and discipline, including use of profanity and punching a wall, in violation of Article 134, UCMJ.  The specifications of orders violations, reckless driving, and provoking words to a petty officer were based on Appellant's actions while at his parent command; and the specifications of failures to go to his appointed place of duty, disrespect to a chief petty officer, reproachful words to an ensign, disrespect to a commissioned officer, and disorderly conduct were based on the Appellant's actions while in pre-trial restriction at ISC Boston.  Appellant's separate outbursts at the chief petty officer and the commissioned officer occurred after Appellant was informed that his assigned duty would consist of sitting in the Officer of the Day's office each day and reading a book of his choice.  Appellant was then placed in pre-trial confinement.

The military judge sentenced Appellant to a bad conduct discharge, confinement for 5 months, and reduction in rate to E-1.  The convening authority approved the sentence as adjudged, but suspended execution of confinement in excess of 120 days for twelve months from the date sentence was adjudged.[1]

Appellant has assigned one error, that the military judge erred in failing to dismiss Additional Charge III, provoking speech, and its sole specification, as a lesser included offense of Additional Charge V, disrespect toward a commissioned officer, and its sole specification.[2] In order to address this assignment, we must first determine whether the finding of guilty of provoking speech is adequately supported by the record.  As discussed below, we have determined that the record fails to establish the elements of that offense and the finding of guilty must be set aside for that reason.  Therefore, we need not address the multiplicity issue.

The military judge's inquiry into this offense consisted of the following questions and responses:

Military Judge:  So we've done that once.  Okay.  Let's do that again.  Charge Three, Additional Charge Three, there's only one specification thereunder, and it says, on the 1st of November, the same day, you had some problems with an Ensign Hawthorne.  Am I pronouncing that right?

Accused:  Yes, sir.

Military Judge:  And you told the Ensign that this is bullshit, I'm going to explode

---

[1] This action by the convening authority conformed with the sentence terms of the pretrial agreement, but the Court Martial Order, which purports to promulgate verbatim the action of the convening authority, mistakenly states the period of suspension as commencing on the date of the convening authority's action rather than the date sentence was adjudged.  A corrected Court Martial Order must be issued to avoid any confusion as to when the period of suspension terminates.  The proper termination date, based on the convening authority's action, which conforms to the pretrial agreement, is 26 November 2002, in contrast with the termination date of 4 March 2003 drawn from the Court Martial Order.

[2] The sole specification to Additional Charge V, violation of Art. 89, UCMJ, alleged that the Appellant was disrespectful to Ensign Hawthorne, a commissioned officer, "by saying to him 'you're fucking with me and not giving me any respect,' and 'this is bullshit,' or words to that effect."  The sole specification to Additional Charge III, violation of Art. 117, UCMJ, alleged that the Appellant used reproachful words towards Ensign Hawthorne, "to wit: 'this is bullshit, I'm going to explode and I don't know when or on who' or words to that effect."

and I don't know when or on who. Did you do that?

Accused: Yes, sir.

Military Judge: Now, we plead to -- we've already gone through 117 before. I'll go through it again. 117 involves somebody else. But this Article 117, again the elements are that the accused wrongfully used words toward a certain person; that the words were provoking or reproachable (sic), that the person toward whom the words were directed was a person subject to the code. So you knew this Ensign. You knew he was Ensign in the United States Coast Guard, right?

Accused: Yes, sir.

Military Judge: So you knew he was subject to the Uniform Code of Military Justice.

Accused: Yes, sir.

Military Judge: And you used those words to him in his presence on that occasion.

Accused: Yes, sir.

In its discussion of Article 117, UCMJ, the Manual for Courts-Martial (MCM) (2000 ed.) indicates that provoking or reproachful words are those "which a reasonable person would expect to induce a breach of the peace under the circumstances." MCM Pt. IV, ¶ 42.c.1 (2000 ed.). These have also been called "fighting words" or gestures which, under the circumstances, might reasonably tend to precipitate a violent reaction. *United States v. Thompson*, 46 CMR 88, 90 (CMA 1972). Courts have also looked at the status of the person to whom the words were directed when determining if they were provoking within the meaning of Article 117, UCMJ. *Thompson*, 46 CMR at 89 (brig guard); *United States v. Adams*, 49 M.J. 182, 185 (1998)(military policeman). Here, Appellant directed his outburst at a commissioned officer.

We find that the record is factually insufficient to establish that Appellant's language violated Article 117, UCMJ. There is no indication in the record that Appellant believed his statement – "this is bullshit, I'm going to explode and I don't know when or on who" -- was likely to provoke the listener to respond with violence, especially when the person at whom it was directed was a commissioned officer, nor do we find the language so inherently inflammatory that we may draw such a factual inference. Appellant's language may have been disrespectful,[3] and an indication that Appellant might initiate a future breach of the peace, but it does not rise to the level of "fighting words."

---

[3] We note that the Manual for Courts-Martial lists violation of Art. 117, UCMJ, as a lesser included offense of disrespect to a commissioned officer in violation of Art. 89, UCMJ. MCM, Part IV, ¶ 13.d.1. (2000 ed.). As the Government charged the lesser offense, we need not determine whether Appellant's language was disrespectful.

       In light of the foregoing, the findings of guilty to Additional Charge III and its specification are set aside and the charge and specification are dismissed. The remaining findings of guilty are affirmed. We are convinced that the military judge would not have imposed a lesser sentence if he had dismissed Additional Charge III and its specification at trial. Moreover, upon reassessment, we are also convinced that the sentence as approved and partially suspended by the convening authority is appropriate for the affirmed offenses and this Appellant, and should be approved. Accordingly, the sentence as approved and partially suspended below is affirmed.

BAUM, Chief Judge and PALMER, Judge concur.



For the Court,


Roy Shannon, Jr.
Clerk of the Court