# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist RAYMOND J. COOPER**
**United States Army, Appellant**

ARMY 20150425

Headquarters, 2d Infantry Division
Mark A. Bridges, Military Judge
Lieutenant Colonel Lance S. Hamilton, Staff Judge Advocate (pretrial)
Lieutenant Colonel Timothy P. Hayes, Jr. (post-trial)

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Captain Heather L. Tregle, JA; Captain Katherine L. DePaul, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA (on brief).

7 November 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

TOZZI, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of aggravated assault with a means likely to inflict death or grievous bodily harm in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2012) [hereinafter UCMJ]. The military judge convicted appellant, contrary to his pleas, of attempted murder and aggravated assault in which grievous bodily harm was intentionally inflicted, in violation of Articles 80 and 128, UCMJ, 10 U.S.C. §§ 880, 928 (2012). The military judge sentenced appellant to a dishonorable discharge, confinement for twenty years, and reduction to the grade of E-1. The convening authority approved only so much of the sentence as provided for a dishonorable discharge, confinement for fifteen years and eleven months, and reduction to the grade of E-1. The convening authority also credited appellant with 267 days confinement credit against the sentence to confinement.

COOPER—ARMY 20150425

This case is before us for review under Article 66, UCMJ. Appellant's sole assignment of error warrants discussion and relief. In particular, appellant argues that the military judge abused his discretion by merging Specification 1 of Charge I and Specification 1 of Charge II for sentencing purposes rather than dismissing Specification 1 of Charge II for findings where both charges are based upon the same conduct. We agree and grant relief in our decretal paragraph. Appellant's personal submissions raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), other than the issue of unreasonable multiplication of charges discussed herein, do not warrant relief.

## BACKGROUND

Appellant was charged, *inter alia*, with the following violations of the UCMJ:

CHARGE I: VIOLATION OF THE UCMJ, ARTICLE 80

SPECIFICATION 1: In that [appellant], U.S. Army, did, at or near Camp Casey, Republic of Korea, between on or about 20 September 2014 and 21 September 2014, with premeditation and intent to kill, attempt to murder PFC [C.L.C.], by stabbing him with a knife in the chest and the neck.

CHARGE II: VIOLATION OF THE UCMJ, ARTICLE 128

SPECIFICATION 1: In that [appellant], U.S. Army, did, at or near Camp Casey, Republic of Korea, between on or about 20 September 2014 and 21 September 2014, commit an assault upon PFC [C.L.C.] by stabbing him in the chest and neck, and did thereby intentionally inflict grievous bodily harm upon him, to wit: puncture his lung and injure his spinal cord.

The military judge found appellant guilty of the above specifications.[*] After findings, the military judge discussed the issues of multiplicity and unreasonable multiplication of charges with regard to Specification 1 of Charge I and Specification 1 of Charge II. The military judge ruled that the specifications were neither multiplicious nor an unreasonable multiplication of charges for findings. The military judge did, however, find Specification 1 of Charge I and Specification 1 of Charge II to be an unreasonable multiplication of charges for sentencing.

---

[*] We note that appellant was found guilty of Specification 1 of Charge I and Specification 1 of Charge II by exceptions and substitutions, excepting the word "chest" and substituting the word "back" in both specifications.

2

## LAW AND DISCUSSION

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). We consider five factors to determine whether charges have been unreasonably multiplied:

(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;

(2) Is each charge and specification aimed at distinctly separate criminal acts?;

(3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;

(4) Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?;

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) (internal citation and quotation marks omitted) (internal alteration reflects the holding in *Quiroz* that "unreasonably" will be utilized instead of "unfairly").

"Unreasonable multiplication of charges is reviewed for an abuse of discretion." *United States v. Pauling*, 60 M.J. 91, 95 (C.A.A.F. 2004) quoting *United States v. Monday*, 52 M.J. 625, 628 n. 8 (Army Ct. Crim. App. 1999). Here the military judge properly analyzed all of the *Quiroz* factors but one in rendering his decision that the charges were not unreasonably multiplied for findings. In analyzing the second *Quiroz* factor, the military judge relied upon principles of multiplicity law. The military judge stated:

> The two charges and specifications arguably are aimed at distinct acts, and separate acts. I recognize it's the same act of stabbing, but as I said before, the 128 offense requires actual infliction of grievous bodily harm, whereas the attempted murder charge does not. So arguably, under those circumstances, we could be discussing a separate act

3

or a separate result certainly, based on these offenses. Although again, that's a close call because we are talking about the same stabbing.

We find the military judge erred in relying too heavily on the elemental analysis normally performed in reviewing specifications for multiplicity. Here, it is clear that the gravamen of Specification 1 of Charge I and Specification 1 of Charge II were the same criminal act, the stabbing of PFC C.L.C. in the neck and back. As the military judge acknowledges that this was a close call, that close call was informed by a reliance upon factors more suited for multiplicity than the unreasonable multiplication of charges. Therefore, we find that the military judge abused his discretion.

## CONCLUSION

On consideration of the entire record, the matters submitted pursuant to *Grostefon*, and the assigned error, the finding of guilty of Specification 1 of Charge II is set aside and that Specification is DISMISSED. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Judge CELTNIEKS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court